88  285.
42a 266
42a 278

HAYNES, SPENCER & CO. v. THE SECOND BAPTIST CHURCH, *Appellant.*

1. Contract: ABANDONMENT. The extension of the time for the completion of a contract to make and place fixtures in a church, and the partial alteration of the work to be done, does not authorize the contractor to abandon the contract and sue for the value of the work.

2. ———: ACCEPTANCE OF WORK. The use of the church building for the purposes of construction does not constitute an acceptance of the work or any part of it under the contract for the fixtures, such use being contemplated by the latter contract and the duty to accept the work under it not arising until its completion.

3. Contract to Build House: ACCIDENTAL DESTRUCTION BY FIRE: CONTRACTOR NOT RELIEVED. Where a contractor undertakes to build a house upon the land of another and before its completion, it is destroyed by fire without his fault, he is not thereby relieved from his obligation to fulfill the contract. The obligation to build not being imposed by law, but arising from his own voluntary contract, its non-performance is not excused by inevitable accident.

4. Contract to Place Fixtures in Building: DESTRUCTION OF BUILDING : CONTRACT, SEVERABLE WHEN. Plaintiff entered into a contract with defendant, a church corporation, to make, finish and put in place certain fixtures in the latter's church building in St. Louis. The work was to be done according to specified plans to the entire satisfaction of the church superintendent and building committee and to be completed by December 1, 1878, under a forfeiture of ten dollars for each day's delay. As a full compensation defendant was to pay $4800 on the completion of the work

and the acceptance of the same. The building was, without fault of either party, destroyed by an accidental fire January 2, 1879. At that time a part of the fixtures were attached to the church and others were on the floor in the building and workmen were engaged in putting them in place. The building was at the time in defendant's possession and had been erected by separate contracts for the different departments of the work, and had been from time to time insured by defendant. *Held*, in an action by plaintiff, the contractor, for the value of the work and material in place and on the floors, that the contract was not an absolute one to do the work at all hazards, but was dependent on an implied condition that defendant was to have and keep the building ready to receive the fixtures, and to furnish room in the same for such a length of time as would reasonably be required to put them in place, and the defendant having failed to comply with said condition, the contract was severable and plaintiff could recover.

*Appeal from St. Louis Court of Appeals.*

AFFIRMED.

*Madill & Ralston* for appellant.

(1) Plaintiff having contracted to do an entire work for a specific sum, can recover nothing unless the work be done, or it can be shown that it was the defendant's fault that the work was incomplete. Story on Bailments (9 Ed.) secs. 426*b* and 427*a*; 1 Wharton on Contracts, ch. 14, secs. 322, 300, 308, 310, 314, 326, 547 and 714 (Ed. 1882); Pollock's Principles of Contracts (1 Am. Ed.) secs. 362 to 365, pp. 411 to 414; 2 Addison on Contracts (1 Am. Ed.) sec. 869, pp. 552, 3 and 4; *Appleby v. Myers* (1867) 2 L. R. C. P. 650; *Navigation Company v. Rennie* (1875) 10 L. R. C. P. 271; *Brumby v. Smith*, 3 Ala. (New Series) 123; *Lord v. Wheeler*, 1 Gray (Mass.) 282; *Wilson v. Knott*, 3 Humph. (Tenn.) 473; *Richardson v. Shaw*, 1 Mo. App. 234; *Sinnott v. Mullen*, 82 Pa. St. 333; *Taylor v. Caldwell*, 3 Best and Smith, 826; *Sinclair v. Bowles*, 9 B. & C. 92. (2) The fact that a slight change was being made in a few of the pews, at the time of the fire, in pursuance of defendant's re-

quest, which would have taken one man only two days to make, and was agreed to be paid for by defendant at its extra cost, did not constitute an acceptance of the work then done, or work an abandonment or rescission of the contract. Nor did the same authorize plaintiff to abandon its contract or sue upon a *quantum meruit*, as upon a general hiring, for the reasons that said change was very slight, was to be paid for at its extra cost and was not completed when the church was burnt. *Pepper v. Burland*, Peake's Rep. 139, side page 103; *Phillippi v. McLean*, 5 Mo. App. 586; *McCormick v. Conolly*, 2 Bay. 401; *Bank v. Patterson's Administrator*, 7 Cranch, 303; *Wright v. Wright*, 1 Littell (Ky.) 179; 2 Smith's L. C. (7 Am. Ed.) 50. (3) The granting or acquiescing in an extension of time does not affect the other stipulations in a special contract to build, improve or repair a house. *Nibbe v. Brauhn*, 24 Ill. 260; *Hasbrouck v. Tappen*, 15 John. 200; *Watkins v. Hodges*, 6 H. & J. (Md.) 38. (4) Revised Statutes, section 667, bars plaintiffs' action. *Sinnott v. Mullen*, 82 Pa. St. 333.

*C. F. Joy, C. C. Allen* and *P. F. Coste* for respondents.

(1) An acceptance binds the defendant to pay for what he has received; and where he has assumed control and exercised ownership over work, or where he has allowed it to be affixed to his building, he will be deemed to have accepted it. The acceptance is, of course, an implied acceptance, which, not being a voluntary expression of satisfaction with the work, as done, does not preclude a counter-claim for damages by reason of defects in the work. *Yeales v. Ballentine*, 56 Mo. 530; 2 Parsons on Contracts, part 2, sec. 5; *Thompson v. Allsman*, 7 Mo. 531; *Lee v. Ashbrook*, 14 Mo. 370; *Mar. v. Richards*, 29 Mo. 105; *Lowe v. Sinclair*, 27 Mo. 310; *Lamb v. Brolaski*, 38 Mo. 53; *Creamer v. Bates*, 49 Mo. 545. (2) The defendant being in default

in respect to its contract in not having a building in existence wherein plaintiffs could perform and complete their work under the contract, the latter can recover. *Rawson v. Clark,* 70 Ill. 656 ; *Niblo v. Binsse,* 1 Keyes (N. Y.) 476 ; *Cook v. McCabe,* 53 Wis. 250 ; *Lord v. Wheeler,* 1 Gray, 282 ; *Schwartz v. Saunders,* 46 Ill. 18 ; *Garretty v. Brazell,* 34 Ia. 100 ; *Cleary v. Sohler,* 120 Mass. 210 ; *Whelan v. Creek Co.,* 27 Hun, 557 ; *Hollis v. Chapman,* 36 Tex. 1.   (3) When a party by his own contract creates a duty or charge upon himself, he is bound to make it good, notwithstanding any accident by inevitable necessity, because he might have provided against it by his contract.   *Tompkins v. Dudley,* 25 N. Y. 272 ; *Lewis v. Atlas Ins. Co.,* 61 Mo. 534 ; *Hammer v. Breidenbach,* 31 Mo. 49 ; *Jones v. Dermott,* 2 Wall. 1 ; *School Dist. v. Dauchy,* 25 Conn. 530 ; *School Trustees v. Bement,* 3 Dutcher, 515 ; *Paradine v. Jayne,* Aleyn, 26 ; *Harrison v. Railroad,* 74 Mo. 371 ; 2 Parsons on Cont. 35, 673, 523.

BLACK, J.—Plaintiff and defendant, both corporations, entered into a contract by which plaintiff agreed to make, finish and put in place certain fixtures in defendant's building at St. Louis.   The work was to be done according to plans to the entire satisfaction of the superintendent and building committee, and to be completed by the first of December, 1878, under a forfeiture of ten dollars for each day's delay.   As a full compensation, defendant agreed to pay $4,800 on the completion of the work and acceptance of the same.   The building was without fault of either party destroyed by an accidental fire on January 2, 1879.   At that time the pews in the gallery and pulpit screen had been attached to the building.   The other fixtures, including the pews for lower or audience room, were in the building on the floor and workmen were engaged in putting them in place.   The building was in the possession of defend-

ant, had been erected by separate contracts for the different departments of work, and had been by defendant from time to time insured. This is a suit for the value of the work and materials in place and on the floors. The defence is a failure to complete the work according to the contract.

1. Besides the fact that the work was in progress after the date fixed by the contract for its completion, it also appears that by agreement between the parties the backs of a few of the pews were to be altered in some respects at the cost of the defendant. It does not appear whether the time for completing the work was extended by agreement or by acquiescence. Neither the extension of the time for the completion of the work, nor the agreed changes as to those pews, affected the contract in its other provisions. The contract in all other respects remained in full force. Plaintiff cannot simply because of this delay and these alterations abandon the contract and sue for the value of the work. 19 Pick. 275.

2. Some reliance for a recovery is also placed upon an alleged acceptance, and in support of this we are cited to *Lord v. Wheeler*, 1 Gray, 282. We do not regard the facts of that case analogous to this. There, when the repairs were substantially done, and before the fire, the defendant by his tenant entered into and occupied the house and so used and enjoyed the labor and material, which use and enjoyment it was held, were a severance of the contract, and an acceptance *pro tanto.* Here there is no pretense that the edifice was even used for any other purpose than that of construction, and that use is contemplated by the contract. The contract also determines by whom and how the acceptance shall be made. The duty to pass upon the work did not arise until completion. There is, therefore, nothing in the case upon which to base any claim upon the ground that the work or any part of it had been accepted.

3. Where a contractor undertakes to build a house

upon the land of another, and the house before its com-
pletion is destroyed by fire without his fault, he is not
thereby relieved from his obligation to fulfill the con-
tract.    The duty in such· a case is to be distinguished
from one imposed by law.    The obligation to build is
founded upon, and is his own voluntary contract, and
its non-performance is not excused by inevitable acci-
dent.    *Adams v. Nichols et al.,* 19 Pick. 275 ; *Tomp-
kins v. Dudley*, 25 N. Y. 272 ; *School Dist. v. Dauchy*,
25 Conn. 530 ; *School Trustees v. Bennett*, 3 Dutcher,
515 ; *Dermott v. Jones*, 2 Wall. 1.    In all of these cases
the contract was to build a house entire and complete
and it is apparent they are quite unlike the contract in
question here.    There are two lines of authorities which
have a direct bearing upon the question in hand.    In
Addison on Contracts, volume 2, page 554 (Morgan's
Ed.), it is said :    "Where a. man contracts to expend
material and labor on buildings belonging to and in the
occupation of the employer to be paid for on completion
of the whole, and before completion the buildings are
destroyed by accidental fire the contractor is excused
from completing the work but is not entitled to any
compensation for the work already done, which perished
without any default of the employer."    The contractor
in *Appleby v. Meyers*, L. R. 2 C. P. 651, agreed to pro-
vide and erect certain machinery for a fixed sum and
keep the same in repair for two years.    The rule applied
is . as stated in the text of Addison.    In *Brumby v.
Smith*, 3 Ala. (N. S.) 123, the agreement was to com-
plete the carpenter's work on a house of the employer
for a specified sum to be paid when the work was com-
pleted, the material to be furnished by the employer.
The house was destroyed by fire a few days before com-
pletion of the work, and it was held the carpenter could
not recover for work done.    The ruling is placed upon
the ground that the contract was entire, and by its terms
the labor was not to be paid for until the work was com-

pleted.   But in the same state it is held where the work is to be paid for in installments, then the mechanic may recover the installments due at the time of the destruction of the work.   *Partridge v. Forsyth*, 29 Ala. 200.

On the other hand some of the courts of the states have expressly declined to follow the rule announced in *Brumby v. Smith*, and others apply rules in like cases inconsistent therewith.   In *Hollis v. Chapman*, 36 Texas 11, the mechanic agreed to furnish the materials and do the carpenter's work on two brick buildings then in process of erection for a specified sum and to turn them over complete, with all possible dispatch.   The court said : "This agreement could not possibly have been an entire independent contract, for it was dependent on many circumstances, such as the erection of the walls to receive the carpenter's work, the plastering, glazing, painting, etc., and there was no stipulation in regard to the time of payment."   So in *Cleary v. Sohier*, 120 Mass. 210, where a workman had contracted to lath and plaster a building for a certain sum per yard, and he had lathed the building and put on one coat of plastering, when without his fault it was destroyed by fire, it was held he could recover for the work done.   There was no express agreement as to the time of payment.   *Cook et al. v. McCabe*, 53 Wis. 250, is not unlike the two cases last cited, save that the work was to be paid for in part when completed and the balance at a designated time thereafter.   That case concedes the general rule to be that one who undertakes to build a house must do so, and cannot recover for work done in case the house is destroyed by fire before completion, but it also holds that the rule is only applicable when the contract is not subject to any conditions expressed or implied.   See also *Rawson v. Clark*, 70 Ill., 656.   In *Niblo v. Binsse*, Keyes, 476, the contractor agreed to furnish and put into a house then under construction, steam coils, etc., the work to be paid for as parts of the work were completed,

another when the work was done and the residue when the work was tested and found sufficient. After the greater portion of the work had been done and several payments made, the building accidentally burned. Recovery was allowed for the labor and material according to the contract as far as the work had gone. The judgment in that case is not made to depend upon the fact that the work was to be paid for in installments, but it is placed upon the express ground that the owner was bound to have and keep the house in readiness to receive the work. Such a stipulation was not expressed in the contract, but it was held to be implied. The cases cited from the Supreme Courts of Texas and Wisconsin stand substantially upon the same ground.

Now in this case the fixtures were, it is true, to be put in place and completed to the satisfaction of the building committee, and to be paid for only when completed. But the contract is based upon the assumption, that the defendant would have its edifice erected and ready to receive the work. All this was a condition precedent to the performance of the contract by the plaintiff. The implied contract on the part of the defendant was to have and keep the building ready to receive these fixtures and to furnish room therein for them for such length of time as would reasonably be required to put them in place. The agreement to do all this is as much a part of the contract, as if expressed therein in terms. This the defendant failed to do. Besides this the house was in the possession, control, care and custody of defendant, and the plaintiff had nothing to do with its protection, further than to be without fault as to its own work. The contract was not, therefore, an absolute one to do the work at all hazards, but it was dependent upon the assumed and implied conditions before stated, conditions which the defendant was to perform and which it did not perform. According to the weight of the American authority such a contract is severable to the extent

that the mechanic may recover for work done up to the time of the fire. In this case the recovery should include the fixtures on the floor as well as those in place. The judgment of the court of appeals is, therefore, affirmed. Norton, J., dissents. The other judges concur.