LANDON, J.
When a builder agrees to erect and complete an entire house, if the house is destroyed by fire before completion, the builder can erect another;^ and, if he does not do so, he is guilty of a breach of his contract. Tompkins v. Dudley, 25 N. Y. 272. But if a painter agrees to naint a certain house,and the house is destroyed before *419 the painting is finished, it is impossible for him to complete his contract. If a new house should be erected, it it would not be the house he had agreed to paint. Why should not the painter be paid for his part performance? It was no fault of his that full performance was impossible. Whelan v. Clock Co., 97 N. Y. 293. But why should the owner pay? Because every stroke of the painter’s brush converted something of the painter’s labor and material into the property of the owner, and thus* the fire destroyed the owner’s property, and not the painter’s. If the painter had been painting a boat which he had agreed to make and deliver to the vendee, and fire had destroyed it before delivery, the whole loss would have been his, and not the vendee’s, since title would not pass until delivery. Andrews v. Durant, 11 N. Y. 35. In Wolfe v. Howres, 20 N. Y. 197, a mechanic agreed to do for an entire year all the pot room work necessary to be done in defendant’s glass works for $40 per month, $10 of it to be paid monthly. He performed as he agreed from May until December, when he was disabled by sickness of which he subsequently died.. His representative was held entitled to recover the sum unpaid for the time he actually served. Why not? It wras impossible for him to complete his contract, and the defendant had the benefit of what he did do. If a trader agrees to sell and deliver to B. 607 bales of cotton, marked “X,” stored in his warehouse, and does deliver 460 of them, and the remaining 147 bales are destroyed by fire before delivery, of course he cannot deliver them, and the law excuses him. Dexter v. Norton, 47 N. Y. 62. But the vendor being without fault, if the vendee refuses to return the 460 bales which he has received, and to which he has no title, he ought to pay for them unless the same fire also destroyed them. Kein v. Tupper, 52 N. Y. 550. Of course, the loss of the undelivered bales falls upon the vendor.
In the ease before us, the defendant owned the building, and the plaintiff was under a contract with him to do certain specified carpenter and joiner work therein, and to furnish the materials therefor, for a price fixed for the whole, to be paid, however, in installments as the work advanced. The plaintiff had performed a large part of the woik as agreed, and had been paid several installments when the building was destroyed by fire without fault by either party. If the views above expressed are correct, then the plaintiff is excused from further performance, because it became impossible without fault of his own, and he is entitled to recover for all the labor and material which he added to the house, because his further performance is impossible, and therefore cannot be interposed as an obsta *420 cle to his recovery, and also because what he thus added became the defendant’s property, and thus the fire destroyed the defendant’s, and not the plaintiff’s, property.
The learned referee placed his decision in favor of the plaintiff upon Niblo v. Binsse, 40 N. Y. 476, a case in its particulars almost identical with the one before us. The learned referee reluctantly yielded to the authority of that case, because of the similarity of its facts to this case, at the same time confessing that he could not harmonize it with the numerous cases which hold that, when performance of a contract depends upon the continued existence of its subject-matter or of some other essential, the law implies that the contract is based upon such continued existence; and, such existence ceasing, the obligation of the contract ceases, leaving each party without recourse to the other, on account of any breach of the contract. Dexter v. Norton, supra; Goldman v. Rosenberg, 116 N. Y. 78, 26 St. Rep.-378; Lorillard v. Clyde, 142 N. Y. 456, 59 St. Rep. 781; Stewart v. Stone, 127 N. Y. 500, 40 St. Rep. 314; Taylor v. Caldwell, 3 Best. & S. 826, 113 E. C. L. 824. These cases simply denied the right of recovery of damages for breach of the contract. In Dexter v. Norton the plaintiff sought to recover the damages he sustained because the defendant did not deliver him the 147 bales of cotton which the fire destroyed. In Goldman v. Rosenberg the plaintiff sought to compel the defendant to complete his purchase of a lot which had a valuable building upon it,, that was destroyed by fire before the day fixed for the performance of the contract, or to charge the defendant with damage for his nonperformance, the action being for an accounting between partners. In Stewart v. Stone the patron of defendant’s chese factory, to whom the patron had delivered milk to be made into cheese at a stipulated price, sued to recover for the cheese which was destroyed by the destruction by fire of the factory, without fault of the defendant. In Lorillard v. Clyde both parties were interested in a corporation which the plaintiff was induced to enter, upon the defendant’s guarranteeing that it would pay a certain annual dividend for seven years. The corporation was dissolved at the suit of the attorney general at the end of five years. The plaintiff sought, nevertheless, to recover the dividend upon his shares of stock for the two years following its dissolution. In Taylor v. Caldwell the defendant agreed to let the plaintiff his music hall for four nights. Before the first night arrived, the hall was des troyed by fire, without fault of defendant. The plaintiff sought to recover damages for nonperformance. In all these cases the plaintiff failed to recover, because in each case the law implied the condition of the continued existence of *421 the subject-matter of the contract or of an essential respecting it; that is to say, the defendant was not at fault for its breach. In none of them was it decided that an innocent contractor, who has added his labor and materials to the owner’s property, cannot recover for them when the owner has lost his property by fire, and the contractor is by the fire, Avithout fault on his part, both prevented and excused from adding the balance of labor and material which his contract called for. The noncontinuance of the subject-matter excuses him from further performance; but Ave see no reason Avhy his employer should not bear his OAvn loss, and pay for the property which he acquired. When part performance has been made, and there is a legal excuse for further performance, then there is no legal defense to the demand for payment for part performance, unless it is in such a case as is suggested by Johnson, C. J., in Wolfe v. Hoavcs, 20 N. Y. 197, namely, “that it Avas material that the defendants had received actual benefit from the services of the plaintiff’s testator, and that quite a different question Avould be presented Avhere the services actually rendered should prove valueless; as, e. g., if one should be retained to compose an original literary Avork, and, having faithfully employed himself in preparation, should die Avithout haying completed any Avorlc of Aralue to the employer.” The report adds that “ Comstock, J., and other judges concurred in this qualification.” In the case before us the defendant received actual benefit from plaintiff’s services, but because of the fire, lost it. We think Niblo v. Binsse, upon AA'hich the learned referee relied, Avas correctly decided, but AA'itli due respect, Ave submit that the decision Avas placed upon untenable ground. The court said that it placed its decision upon the ground that the contractor was prevented from performing his contract by the default of the OAvner in failing to keep on hand and in readiness the building in AArhich the Avork was to be done, and Avas in default Avhether the building Avas destroyed with or without fault on his part. The case sIioavs that the building was destroyed Avithout fault of either owner or contractor. If the defendant Avas without fault in the destruction of his building, it is difficult to see how he was in default for not keeping it on hand. In the Niblo Case, as in the one under revieAv, Ave think the destruction of the building prevented and excused the defendant from keeping it on hand, and that neither party could recover damages of the other upon account of the breach of the contract thereby caused. Authorities in other states, while denying the right of either party to the contract to recoArer of the other damages of a breach of the contract Avhen performance is defeated by the destruction *422 of the building (except in cases like Tompkins v. Dudley, first above cited, where the terms of the contract preclude implying the condition of its continued existence), affirm the right of the contractor to recover from what he has done and furnished up to the time of its destruction. Butterfield v. Byron, 153 Mass. 517, 27 N. E. 667; Cook v. McCabe, 53 Wis. 250, 10 N. W. 507; Haynes v. Second Baptist Church (Md.) 57 Am. Rep. 413.
It follows that the judgment should be affirmed, unless the record shows some error to the prejudice of the defendant. The measure of damages stated by the learned referee in his opinion is the value of the labor and materials furnished and Ms proportionate profits to the time of the fire. He applied this rule by allowing the contractor the contract rates for his labor and material. This, we think, was right. He, however, allowed the plaintiff $309.10 for materials which he had procured in order to place them in or upon the building, but which he had not actually placed at the time of the fire. These items Ave cannot alloAV, since they had not been added to the building, and therefore Avere not defendant’s property. Although the action is not upon the contract, the contract affords the best evidence between the parties as to the value of the labor and materials furnished. There are authorities to the effect that Avhere the contractor is'to be paid in installments, upon the completion of certain parts of the Avork, each installment becomes a debt as the particular portion specified is completed; and, as to the incompleted portion at the time of the fire, no recovery can be had, because the installment is not due. Richardson v. Shaw, 1 Mo. App. 234; Clark v. Collier, 100 Cal. 256, 34 Pac. 677. Add. Cont. (9th Ed.) 809. If the action were upon the contract, this would be so; but, as it is not, the rule should not apply. The contract no longer binds the parties, or, if it does, its breach is excused, and therefore the breach is not available to defeat recovery for Avhat has been done under it. Such, we think, is the sensible rule, and the one supported by the authorities in this state (Wolfe v. Hoavcs, Whelan v. Ansonia Clock Co., and Niblo v. Binsse, supra); also, by the cases above cited from Massachusetts, Maryland and Wisconsin.
The defendant’s exceptions to the admission of the plaintiff’s books containing accounts kept by him Avith the “Gross Hotel,” the building in question, and with the defendant, are not well taken. These accounts contained in detail the items of materials and labor which the plaintiff furnished upon his contract, and also various cash items connected with the performance of the contract. These items were verified by the testimony of the plaintiff and Ms as *423 sistant. They were not admitted because the book contained them, but because shown by competent testimony to be true. The record shows that the referee carefully and properly examined them, and rejected such items as were not properly chargeable to the defendant, except the items amounting to $309.10, which we conclude to reject.
We think the judgment should be modified by deducting $309.10 and the interest thereon, and, as so modified, be affirmed, with costs.
All concur.