[L. A. No. 1999. Department Two.—March 24, 1908.]

## D. COPLEW, Respondent, v. MRS. A. W. DURAND et al., Appellants.

BUILDING CONTRACT.—CERTIFICATE OF SATISFACTORY WORK.—Where work is to be done to the satisfaction of a person, evidenced by a certificate to that effect, the production of such a certificate is a condition precedent to a right of action upon the contract.

ID.—ARCHITECT'S CERTIFICATE WHEN EXCUSED.—Where a building contract provides that the work is to be done to the satisfaction of the owner and his architect, and evidenced by the certificate of the latter, and the work is completed to their satisfaction, and thereafter the architect without warrant refuses to issue his certificate for the final payment, his refusal under such circumstances is unreasonable, and the necessity for the production of the certificate is dispensed with.

ID.—FINDING AS TO SATISFACTORY COMPLETION OF WORK.—In an action by the contractor to recover the contract price, a direct finding that the work was done to the satisfaction of the architect, impliedly but positively negatives the contention that the architect was, during the progress of the work, insisting that it was imperfect and incomplete.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order refusing a new trial. Charles Monroe, Judge.

The facts are stated in the opinion of the court.

Anderson & Anderson, for Appellants.

J. Wiseman Macdonald, for Respondent.

HENSHAW, J.—Plaintiff had entered into a contract with defendants to do the painting, polishing, enameling—in short the "finishing" of the woodwork and floors of defendants' house. By the terms of the contract, progress payments were to be made, seventy-five per cent of the contract price to be paid on completion, and twenty-five per cent thirty-six days after final completion. The progress payments were made as in the contract provided, and this action is brought to recover the twenty-five per cent final payment which defendants refused to make.

The contract provided that the work was to be "strictly first class and to be done to the entire satisfaction of the owner and the architect"; as to the payments, ":that in each of said cases a certificate be obtained and signed by the said architect." Defendants' refusal to pay was based upon the declaration of the architect that the work was not first class and was not done to his satisfaction.

Where work is to be done to the satisfaction of a person, evidenced by a certificate to that effect, the production of such a certificate is a condition precedent to a right of action upon the contract. This proposition is too well established to be questioned, and indeed is not questioned in this case. (*Holmes* v. *Richet,* 56 Cal. 307, [38 Am. Rep. 54]; *Loup* v. *California etc.* Co., 63 Cal. 97; *Cox* v. *McLaughlin,* 63 Cal. 196; *Tally* v. *Parsons,* 131 Cal. 516, [63 Pac. 833]; *Kihlberg* v. *United States,* 97 U. S. 398; *Wangler* v. *Smith,* 90 N. Y. 38, 9 Cyc. 618.)

To make his case, in the absence of such certificate, the contractor pleaded and the court found that the work was done to the entire satisfaction of the owner and the architect, and that the refusal to issue the completion certificate was wrongful and was due to plaintiff's refusal to do certain repair work which was not required of him by the contract.

The evidence, while conflicting, established to the satisfaction of the trial court the following facts: Under the terms of the contract plaintiff was to be paid $2165. The work consisted of the finishing of the woodwork of the doors and walls and the finishing of the hardwood floors. The hardwood floors were naturally the last woodwork to be put in place and the last to be finished by the contractor. The contractor proceeded with his work upon the doors and walls, receiving partial payments. In the early part of August he had completed all this work and nothing remained for him to do under his contract but to finish the floors, which were not as yet ready for him. The architect asked the plaintiff what would be the value of the work which he had yet to do upon the floors and plaintiff replied, about two hundred dollars. The architect then stated that he would allow him the full seventy-five per cent of the contract price, deducting the value of the separate work yet to be done upon the floors, and did so, the architect himself

testifying that he knew that he had paid precisely seventy-
five per cent of the entire contract price, excepting two
hundred dollars, the cost or the value of the work upon
the floors. It is in evidence on behalf of the plaintiff that at
the time of the completion of all this woodwork, excepting the
floors, the architect and owner both expressed themselves
satisfied with it.

This condition of affairs obtained from August 8, 1904,
when the last payment amounting to seventy-five per cent
was made, until January 22, 1905, when plaintiff finally
completed the work upon the floors. The delay was through
no fault of his. Meantime, decorators had been called in
and in doing their work they had injured the work done by
plaintiff. This is not disputed, and a separate contract was
entered into by defendants with plaintiff to repair the
damage so occasioned by the decorators. This work, in
turn, he did to the apparent satisfaction of the defend-
ants. At least he was paid in full therefor. It is not satis-
factorily explained why at this time he should have been
employed at a special price to do this repair work if, as
defendants' architect contends, he was at that time in-
sisting that the original work was incomplete, unsatisfactory,
and poor. The floors were done by plaintiff, as the court
finds, in a satisfactory and workmanlike manner. Then
when in due course plaintiff demanded his final payment,
the architect refused to give him a final certificate, stating
that the woodwork had been damaged by water, panels and
joists were cracked and would have to be replaced, and
that he looked to the plaintiff to finish these damaged
panels and joists; to which plaintiff replied that he could
not be expected to do the work twice when he was paid but
once for it. In fact it was necessary to replace panels to
the number of about sixty, and those panels in turn had to
be "finished."

Appellants, however, contend that notwithstanding these
progress payments which had been made, and notwithstand-
ing the fact that the woodwork had been completed to the
satisfaction of the architect and owners, and evidence of
that completion given by the payment of the seventy-five
per cent, still the owners and architect retained a right un-
der the contract to exercise a later judgment and were not

legally required to pass final judgment until the contractor was ready to turn over to them his work as complete. (*Hayes* v. *Second Baptist Church*, 88 Mo. 285, [57 Am. Rep. 413].)  In this connection it is pointed out that the very finding of the court, while to the effect that the work had been performed to the satisfaction of the architect and owner, declared also that it was not performed in a good and workmanlike manner, so that whatever payments the owners and architect might choose to make during the progress, they still had the right to refuse the certificate for the final payment if at that time the work had not been performed to their satisfaction under the terms of the contract. This undoubtedly is true.  Where, from the nature of the work, there might be latent defects not discoverable at the time of completion, but becoming patent after the lapse of time, it might be important that the architect should not exercise final judgment until after the lapse of the thirty-six days.  Or where, as the architect contends in this case, the defects were apparent, and he frequently called the contractor's attention to them and paid the seventy-five per cent under repeated promises of the contractor to repair the defects before the work was finally turned over for acceptance, under such circumstances it would unhesitatingly be held that there was reserved to the architect the right of final approval or rejection at the expiration of the time named.  This was the position of the defendants in this case, and that position was supported by the testimony of the architect.  But the difficulty which confronts appellants lies in the fact that the court did not accept their version.  Its direct finding that the work was done to the satisfaction of the architect, impliedly but positively negatives the contention that he was, during all of that time, insisting that the work was imperfect and incomplete.

The case which is thus presented is one where the work has been completed to the satisfaction of the owner and architect, and the latter thereafter and without warrant refuses to issue his certificate for the final payment.  The refusal under these circumstances being unreasonable, the necessity for the production of the certificate is dispensed with.  (*Katz* v. *Bedford*, 77 Cal. 322, [19 Pac. 523] ; *Nolan*

v. *Whitney,* 88 N. Y. 649; *Phillips etc. Co.* v. *Seymour,* 91 U. S. 646.)

For these reasons the judgment and order appealed from are affirmed.

Lorigan, J., and McFarland, J., concurred.