(91 Misc. Rep. 60)

### H. G. VOGEL CO. v. REINHARDT.

(Supreme Court, Appellate Term, First Department. June 28, 1915.)

CONTRACTS ⟨⟩319—CONSTRUCTION—COMPENSATION—"SERVICES."

Plaintiff entered into an agreement with defendant for equipping a factory with a system of fire extinguishers. The agreement provided that, if plaintiff's work should be discontinued by fire, there should become and be immediately due and payable on account of the work a sum equal to the value of the materials, labor, and services furnished at the date of such discontinuance. The title was to remain in plaintiff until the material and equipment was fully paid for. Before any part of the equipment was actually attached to the building, it was destroyed by fire. *Held*, that the word "services," as used in the contract, included the surveying of the property preparatory to making the plans and securing

the details of the sprinkler system, and that plaintiff could recover the reasonable value thereof.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 1458, 1476, 1477, 1479, 1493–1507; Dec. Dig. &⚬319.

For other definitions, see Words and Phrases, First and Second Series, Service.]

Appeal from City Court of New York, Trial Term.

Action by the H. G. Vogel Company against George N. Reinhardt. From a judgment for defendant, and an order denying a new trial, plaintiff appeals. Reversed and remanded.

See, also, 89 Misc. Rep. 606, 153 N. Y. Supp. 906.

Argued May term, 1915, before GUY, LEHMAN, and WHITAKER, JJ.

David Bernstein, of New York City (I. Maurice Wormser, and David Bernstein, both of New York City, of counsel), for appellant.

Adolph E. Gutgsell, of New York City (Adolph E. Gutgsell and George H. Taylor, Jr., both of New York City, of counsel), for respondent.

PER CURIAM. On or about May 3, 1911, the plaintiff made a contract in writing with the defendant for equipping defendant's factory with a system of fire-extinguishing apparatus at a cost of $1,133. The agreement provided that, if plaintiff's work should be discontinued by fire or other cause not the fault of the plaintiff "there shall become and be immediately due and payable from you [defendant] on account of the work a sum equal to the value of the materials, labor, and services furnished at the date of such discontinuance." It was also stipulated that title should remain in the plaintiff to the materials and equipment until fully paid for, and that, if it became necessary for the plaintiff to remove any part of the equipment because of default in payment, the plaintiff should be paid the reasonable value of installing and removing the equipment and any other expense incurred for loss or injury to the property.

On June 17, 1911, before any part of the equipment was actually attached to the building, the defendant's factory was destroyed by fire. The plaintiff introduced evidence tending to show the rendition of services necessary to the performance of its contract prior to the fire, and evidence was also given of the value of these services. The defendant claimed that, as no part of the equipment was actually attached to the building on June 17, 1911, no materials, labor, or services were furnished by the plaintiff within the meaning of the contract. The court sustained this view, and at the close of plaintiff's case granted defendant's motion for the dismissal of the complaint.

The plaintiff was entitled to a more favorable construction of the contract. The agreement is that in the contingency provided for defendant shall pay for the value of the materials, labor, and services furnished, and the use of the word "services" indicates that in such event the plaintiff's right should not be limited to the value of the labor performed in the actual annexation of the apparatus to the

defendant's building. It is a fair assumption that the value of the services testified to at the trial, which included the surveying of the property preparatory to the making of the plans, securing the details, and preparing drawings of the sprinkler system, entered into the total charge of $1,133 made under the contract; and it is reasonable to conclude, from the language used by the parties, that they intended that, if the contract was discontinued by the occurrence of a fire, the plaintiff should be reimbursed for the actual value of the services and labor necessarily furnished in preparing the equipment. This would seem to be the result where there is an implied condition excusing performance in a certain event (Butterfield v. Byron, 153 Mass. 517, 27 N. E. 667, 12 L. R. A. 571, 25 Am. St. Rep. 654, approved in Dolan v. Rodgers, 149 N. Y. at page 494, 44 N. E. 167), and the language of the parties in connection with the express condition in this case does not indicate a contrary intention. See Hayes v. Gross, 9 App. Div. 12, 40 N. Y. Supp. 1098.

In Dickinson v. Gray (Ky.) 8 S. W. 876, the contract under construction provided that in the event of the cancellation of the contract of the principal contractor the subcontractor should be paid for labor done and materials "furnished" up to the date of such cancellation, and the Court of Appeals of Kentucky held that the word "furnished" was not equivalent to the word "delivered," that the right of the subcontractor to recover for materials furnished was not restricted to such materials as had been delivered, inspected, and received at the time of the cancellation of the contract, but that he was also entitled to be paid for materials procured or prepared to be furnished for the work.

We think that the plaintiff was entitled under the agreement sued upon to recover the reasonable value of the services actually and necessarily furnished in preparing the specific equipment, and also for the value of materials, if any, actually furnished at defendant's building and destroyed or lost in the fire. The plaintiff made out a prima facie case, and it was error to dismiss the complaint.

Judgment reversed, and a new trial ordered, with costs to appellant to abide the event.