F. M. GABLER, INC., Respondent, *v.* EVANS LABORATORIES, INC., Defendant, Impleaded with NATIONAL EVANS MOTION PICTURE FILM LABORATORIES, INC., Appellant.

Supreme Court, Appellate Term, First Department, June 30. 1927.

Contracts — performance — plaintiff had contract to install fire safety devices in appellant's building — fire destroyed building before contract was completed — contract called for payment on completion — plaintiff may recover value of materials installed and value of materials delivered ready for installation — plaintiff cannot recover value of materials not delivered — interest may be recovered from date bill was sent to appellant.

The plaintiff, which had a contract to install certain fire safety devices in appellant's building, which contract stipulated for payment of the contract price when the installation was completed, may, where the building burned prior to the completion of the contract, recover the value of all materials installed and the value of the materials delivered at the premises for installation. Plaintiff may not recover the value of materials intended to be used in the fulfillment of the contract but not delivered at the premises. The plaintiff is entitled to recover interest from the date it sent its bill to the defendant.

APPEAL by defendant, National Evans Motion Picture Film Laboratories, Inc., from a judgment of the City Court of the City of New York, entered in favor of plaintiff, after trial before a jury.

*Stuart K. Brandon* [*Jack Lewis Kraus, II,* of counsel], for the appellants.

*Charles Marks,* for the respondent.

LEVY, J. Plaintiff was employed by the defendant National Evans Motion Picture Film Laboratories, Inc., to install certain fire safety devices in its laboratories under a written contract for a total price of $1,530, the work to be paid for upon completion of the job. Before the work was finished a fire destroyed defend-

ant's plant. Thereafter plaintiff sent a bill for $1,185 claiming a *pro rata* payment on the following basis: For materials installed, $475; for materials taken to defendant's premises, but not installed, $340; for materials ready to be supplied, but not delivered to or installed upon defendant's plant, $370. In the action brought for the amount of the bill, the jury rendered a verdict for the full amount in favor of the plaintiff, together with $100 interest. The appeal is taken by the defendant named, the action against Evans Laboratories, Inc., having been discontinued. Three important questions arise upon the issues: (1) Was the defendant at all liable upon plaintiff's failure to complete an entire contract? (2) If plaintiff was entitled to any compensation, was the amount to be limited to the value of the material actually installed upon the building? (3) Was the allowance of interest proper?

The general rule is well established that where one contracts to build an entire structure upon the land of another, and it is destroyed by fire before completion, he is not only unable to collect any compensation for what he has done, but unless he replaces the building he is liable for damages for non-performance. (*Tompkins* v. *Dudley*, 25 N. Y. 272.) In that case the owners of the land were also allowed to recover back moneys they had advanced on the contract. The situation here, however, is different, it being well settled that " when work is to be done under a contract on a chattel or building which is not wholly the property of the contractor, or for which he is not solely accountable, as where repairs are to be made on the property of another, the agreement on both sides is upon the implied condition that the chattel or building shall continue in existence, and the destruction of it without the fault of either of the parties will excuse performance of the contract, and leave no right of recovery of damages in favor of either against the other. *Taylor* v. *Caldwell*, 3 B. & S. 826. * * * *Dexter* v. *Norton*, 47 N. Y. 62. *Walker* v. *Tucker*, 70 Ill. 527. In such cases, from the very nature of the agreement as applied to the subject matter, it is manifest that, while nothing is expressly said about it, the parties contemplated the continued existence of that to which the contract relates. The implied condition is a part of the contract, as if it were written into it, and by its terms the contract is not to be performed if the subject matter of it is destroyed, without the fault of either of the parties, before the time for complete performance has arrived." (*Butterfield* v. *Byron*, 153 Mass. 517, 519.)

In commenting upon this principle, Judge VANN said, in *Dolan* v. *Rodgers* (149 N. Y. 489, 494): " The effect of the rule is to excuse both parties from further performance of the contract without

giving to either the right to recover damages for the part not performed. * * * In England the rule seems to go no farther in its effect than to relieve both parties from any obligation under an entire contract, with reference either to the future or the past. In this country, however, there may be a *pro rata* recovery for part performance by the one party, at least where what has been done is of benefit to the other. (*Jones* v. *Judd,* 4 N. Y. 412; *Cleary* v. *Sohier,* 120 Mass. 210; *Butterfield* v. *Byron,* 153 Mass. 517; *Cook* v. *McCabe,* 53 Wis. 250, 258; *Schwartz* v. *Saunders,* 46 Ill. 18; *Hollis* v. *Chapman,* 36 Tex. 1; *Niblo* v. *Binsse,* 1 Keyes, 476.)"

In the *Niblo* case plaintiff's assignor agreed to install certain steam engines and heating apparatus upon the hotel of defendant's testator. When the work was about nine-tenths completed the building was destroyed by fire. The court allowed compensation for the *pro rata* work done, less payments which had already been made to the contractors. Recovery was permitted on this principle: " If one party agrees with another to do work upon his house, or other building, the law implies that the employer is to have the building in existence upon which the work contracted for may be done. It is necessarily a part of the contract on the part of such employer, whether it is specified in it in terms or not. Here the defendant's testator failed to provide and keep the building till the work could be completed, and thus, and thus only, was performance prevented.

" It is nothing whatever to the case to say that the building was not destroyed through his agency or fault. That fact is no test of the liability in an action like this. It would not excuse or shield the defendants from liability even were the action to recover as damages the profits which might have been made on that part of the work the performance of which was prevented. The destruction was not caused by the act of God, as appears by the facts found; and a default from any other cause will not excuse non-performance." (*Niblo* v. *Binsse, supra,* 479.)

The language of the last paragraph is perhaps too sweeping and not in accord with later authority. It is undoubtedly true that the *pro rata* value of the work was properly allowed. It is also true that the element of profit on the portion completed is an allowable item, but not profits on the uncompleted portion. As was said in *Hayes* v. *Gross* (9 App. Div. 12, 16; affd., on the opinion below, 162 N. Y. 610): " We think *Niblo* v. *Binsse,* upon which the learned referee relied, was correctly decided, but, with due respect, we submit that the decision was placed upon untenable ground. The court said that it placed its decision upon the ground

that the contractor was prevented from performing his contract by the default of the owner in failing to keep on hand and in readiness the building in which the work was to be done, and that the owner was in default whether the building was destroyed with or without fault on his part. The case shows that the building was destroyed without fault of either owner or contractor. If the defendant was without fault in the destruction of his building, it is difficult to see how he was in default for not keeping it on hand.

" In the *Niblo* case, as in the one under review, we think the destruction of the building prevented and excused the defendant from keeping it on hand, and that neither party could recover damages of the other upon account of the breach of the contract thereby caused."

The court, therefore, granted to the plaintiff the value of the labor and material actually furnished, together with his proportionate profit up to the time of the fire. It refused, however, to allow for materials which he had procured in order to place them in or upon the building, but which he had not actually so placed at the time of the fire. These items were eliminated, because they had not been added to the building, and, therefore, did not become defendant's property. That case is urged to sustain defendant's contention that it is liable neither for materials never taken to its premises, nor perhaps for such as were placed there, but not installed.

On the other hand, *Vogel Co.* v. *Reinhardt* (91 Misc. 60; affd., 171 App. Div. 907) is cited in support of a rule more favorable to the plaintiff. There a contract was made for the equipment of defendant's factory with fire extinguishers at a specified cost. It was provided that if plaintiff's work should be discontinued by fire or other cause not its fault, there should become and be immediately due and payable from defendant on account of the work a sum equal to the value of the materials, labor and services furnished at the date of such discontinuance. Before any of the equipment was actually attached to the building the factory was destroyed by fire. It was held that plaintiff was entitled to recover the reasonable value of the services actually and necessarily performed in preparing the equipment and also the value of materials actually furnished at defendant's building and destroyed or lost in the fire.

The decision in that case was based largely upon the specific language of the contract. The holding that the plaintiff was entitled to recover " the reasonable value of the services actually and necessarily furnished in preparing the specific equipment " was undoubtedly based upon the construction of the term " services " as employed in the agreement. But, argues plaintiff, the court also said, in the course of its opinion: " This would seem

to be the result where there is an implied condition excusing performance in a certain event (*Butterfield* v. *Byron*, 153 Mass. 517; approved in *Dolan* v. *Rodgers*, 149 N. Y. 494), * * *."

From this dictum plaintiff infers that in the instant case an implied condition must be read into the contract identical with the express condition incorporated by the language chosen by the parties in the *Vogel* case. Such a conclusion is not justified either under the *Dolan* or the *Butterfield* decisions or from the context in the *Vogel* case in its reference to services furnished. True it is that both authorities allow a *pro rata* compensation for part performance. But this does not necessarily authorize a recovery for materials prepared by the plaintiff but never delivered, particularly in view of the specific disallowance of such an item in *Hayes* v. *Gross* (*supra*), a later authority. And when the *Butterfield* decision is read in the light of its construction in the State of its origin, it must be viewed with the same limitation. Commenting upon the rule there contained, at page 523, that under the circumstances of destruction by fire without fault of either party, there was an " implied assumpsit for what has properly been done by either * * *, the law dealing with it as done at the request of the other, and creating a liability to pay for it its value," the court said, in *Young* v. *Chicopee* (186 Mass. 518, 520): " In whatever way the principle may be stated, it would seem that the liability of the owner in a case like this should be measured by the amount of the contract work done which, at the time of the destruction of the structure, had become so far identified with it as that but for the destruction it would have enured to him as contemplated by the contract." Accordingly, no compensation was allowed to the contractors for the lumber placed alongside the bridge, the construction of which was the subject of the contract, but not yet incorporated in it. Continuing with its views, the court said: " In the present case the defendant, in accordance with this doctrine, should be held liable for the labor and materials actually wrought into the bridge. To that extent it insured the plaintiff. But it did not insure the plaintiff against the loss of lumber owned by him at the time of the fire, which had not then come into such relations with the bridge as, but for the fire, to enure to the benefit of the defendant as contemplated by the contract." The rule in that case was cited with approval in *Carroll* v. *Bowersock* (100 Kans. 270).

On the other hand, in *Haynes* v. *Second Baptist Church* (88 Mo. 285), where plaintiff was to install cer ain fixtures in defendant's church, recovery was allowed both for the fixtures annexed at the time of the fire and those upon the property but not yet

attached.    The later Massachusetts authority cites this case, but indicates that it is distinguishable, the ground of differentiation although not so stated apparently being that the lumber stored about the bridge was of such a nature as to be removable and replaceable at the will of the contractor.    We are inclined, under the circumstances, to hold with the *Haynes* case that defendant should also pay for such equipment on the premises as was not yet actually annexed.    But as to the material remaining undelivered, it is difficult to see under what authority compensation can possibly be allowed.    There is no element of benefit to the property in the absence of the incorporation of such material (*Dolan* v. *Rodgers, supra*), nor does the factor of constructive annexation enter.    The item of $370 must, therefore, be deducted from the amount of recovery.

Finally, we must consider the propriety of permitting interest on the amount of the recovery.    The question has been the subject of many judicial decisions, not all of which are harmonious.    But the difficulty has been largely resolved by the recent decision of the Court of Appeals, Chief Judge CARDOZO writing, in *Prager* v. *N. J. Fidelity & Plate Glass Ins. Co.* (245 N. Y. 1).    In so far as claims on *quantum meruit* are concerned, the case definitely establishes the following unmistakable principles: (a) Where plaintiff recovers the full amount of his claim he is entitled to interest from date of his demand or presentation of his bill.    (b) Even where his recovery falls short of his demand, he is entitled to interest on the award from the date he presented his demand.    In stating his reasons for the rule Chief Judge CARDOZO says (at p. 6): " Interest must be added if we are to make the plaintiff whole (*Van Rensselaer* v. *Jewett*, 2 N. Y. 135, 140).    *   *   *   The defendant could have limited its liability for interest by a common-law tender, or by a payment on account without prejudice to the plaintiff's right to recover the excess.    If he chose to keep the money, it should pay for what it kept.    There would be obvious injustice if interest were to be lost as the result of a slight discrepancy between the claim and the award.    The whole subject is beclouded if the right is made dependent upon considerations of more or less.    The test is rendered too uncertain to be in truth a test at all."

The court seems to indicate that these rules apply only in an action upon an implied contract to recover compensation, where the recovery is not subject to counterclaim or setoff (*Excelsior Terra Cotta Co.* v. *Harde*, 181 N. Y. 11), and it does not enter into the question of liability for interest where the cause of action is to recover damages for breach of contract. (*Mansfield* v. *N. Y. C. & H. R. R. R. Co.*, 114 N. Y. 331; *Faber* v. *City of New York*, 222

id. 255.) But as the case before us involves an action on the common counts and not a claim for damages, the interest rule applicable to it seems to have been completely settled by the recent decision to which reference has been made. The plaintiff sent its bill on March 28, 1925, hence it is entitled to interest on the sum of $815 from that date. The interest allowed must, therefore, be appropriately reduced by $32 in the light of the award.

Judgment modified by reducing it to the sum of $868 and costs, and as modified affirmed, without costs of appeal to either party.

All concur; present, DELEHANTY, LYDON and LEVY, JJ.