Mr. Sam Brown State Treasurer 140 State Capitol Building Denver, Colorado 80203
Dear Mr. Brown:
You have requested my opinion on the following:
QUESTION PRESENTED AND CONCLUSION
Is the interest paid on funds retained from partial payments by the Highway Department to contractors required by law to be credited to the general fund?
My conclusion is "yes."
ANALYSIS
C.R.S. 1973, 24-36-114 requires that all interest derived from the deposit and investment of state moneys shall be credited to the general fund unless otherwise expressly provided by law.
Since there is no law "expressly providing" for interest on these funds to be credited elsewhere, the issue is whether such funds are "state moneys" within the scope of the statute.
It is appropriate first to review the facts concerning the establishment and nature of the "retainage." Pursuant to a standard contract, the Highway Department makes partial payments to the contractors as work on specific projects progresses. At the end of each month the State Engineer estimates the value of the work performed and materials purchased to determine the amount of the partial payment. The Department then deducts from the monthly partial payment "amounts considered to be necessary to protect the interest of the State," and retains "this money until after completion of the entire contract." The usual deduction is 10% of the estimate up to a total of 5% of the total amount due under the contract. There are no statutory requirements for such "retainage," and it is not in lieu of the bond required by statute. The primary reasons for the "retainage" are to insure that the entire project is completed, to insure that the work is performed to the required standard, and to protect against overpayments. Thus the contract provides that final payment will not be made until two conditions are met: (1) The Engineer gives a written notice of final acceptance after determining by inspection that "all construction provided for and contemplated by the contract is found completed to his satisfaction," and (2) The Engineer prepares a final estimate of the amount due after considering all deductions and claims.
In determining whether the retainage funds are "state moneys," it is also appropriate to determine their source. Section 18 of Article X of the Colorado Constitution requires that:
 On and after July 1, 1935, the proceeds from the imposition of any license, registration fee or other charge with respect to the operation of any motor vehicle upon any public highway in this state and the proceeds from the imposition of any excise tax on gasoline or other liquid motor fuel shall, except costs of administration, be used exclusively for the construction, maintenance and supervision of the public highways of this state.
This constitutional provision is implemented through a statutory scheme set out in sections 43-1-219, 43-1-220 and 43-4-201, C.R.S. 1973, providing for the payment of revenues from these sources into the highway fund. Because the source of the funds is state revenues, they are "state moneys."
 They (public funds) represent moneys raised by the operation of law for the support of the government or for discharge of its obligations. In other words they constitute "revenue," which in turn is defined as "the income of the government arising from taxation, duties and the like." 63 Am.Jur.2d Public Funds section 1.
The Colorado case closest in point is Starr v. People, 113 Colo. 268,157 P.2d 135 (1945), in which the court held that license fees collected by the State Board of Barber Examiners were "public funds."
A question might be raised as to the nature of the federal funds which are used in the construction of highways. By the terms of the contract entered into by the Federal Highway Administration and the state Highway Department, the Department submits a voucher to the Administration stating that certain work has been completed. The Administration then pays its share of the cost thereof to the Department. Thus the state receives the federal money only upon performance of its obligation under the contract. At this point the money becomes the property of the State and is thus "state moneys." There is no contractual relationship whatsoever between the federal government and the contractors in these situations.D. R. Smalley Sons, Inc. v. U. S., 372 F.2d 505 (Ct. of Clms.) (1967).
It follows that all of the funds involved remain "state moneys" unless the process of "retainage" somehow changes their character. The issue can be resolved by considering the agreement between the Highway Department and the contractors. The application of basic principles of contract law leads to the conclusion that the "final acceptance" and "final estimate" required in the contracts are conditions precedent to the obligation of the Highway Department to make the final payment. The following authority supports this conclusion:
 A building or construction contract may provide that payments of the several installments of the contracts price shall be made only upon certificates or estimates by the architect or engineer in charge as to the extent, acceptability, and value of the work done or material furnished, and that final payment shall not be demandable without a certificate of completion.Where such a stipulation is made, the obtaining of such certificate is a condition precedent to an action to recover the sum due, . . . 13 Am.Jur.2d Building and Construction Contracts section 37 (emphasis added).
It is also supported by substantial case law.Sweeney v. U.S.,109 U.S. 618,27 L.Ed. 1053 (1883); Terminal Const. Corp. v. Bergen County HackensackRiver Sanitation Sewer Dist. Auth., 18 N.J. 294, 113 A.2d 787 (1955);Hennessy v. Metzeger, 152 Ill. 505, 38 N.E. 1058 (1894); Arnold v.Bournique, 144 Ill. 132, 33 N.E. 530 (1893); Korbly v. Loomis,172 Ind. 352, 88 N.E. 698 (1909); Ahlgren v. Walsh, 173 Cal. 27, 158 P. 748
(1916); Coplew v. Durand, 153 Cal. 278, 95 P. 38 (1908).
The effect of construing the "final acceptance" and "final estimate" as conditions precedent is clear:
 Conditions precedent . . . are those facts and events, . . . that must exist or occur before there is a right to immediate performance, . . . 3A Corbin on Contracts Ch. 30, section 628.
The expected performance by the Highway Department under these contracts is the final payment, which would include the "retainage." Since the Highway Department is not required to make final payment until the conditions precedent are performed, it follows that until such time as the obligation to pay occurs, the money belongs to the state. Consequently it retains its character as "state moneys."
It might be argued that the contractors have an interest in the retainage, but it should be noted that the partial payments are based on "estimates" only. Whatever interest the contractors might have is speculative and undefinable and does not ripen until the completion of the project and the performance of the conditions precedent. Until such time as an unconditional obligation to pay arises, the money remains the property of the state.
The case of State Highway Department v. Dawson, 126 Colo. 490, 253 P.2d 593
(1952) supports this conclusion by implication in holding that a contractor suing the highway department is entitled to interest from the time when the highway department failed to pay after being obligated todo so. In the case at hand, this would not occur until completion of the project and performance of the conditions precedent. Also note that, according to the State Controller, prior to May 1974 the interest earned on retainage funds was and had been credited to the general fund.
Since the money belongs to the state until an unconditional obligation to pay arises, interest earned thereon prior to completion of the project and performance of the conditions precedent is required by section 24-36-114
to be credited to the general fund.
SUMMARY
Funds retained from partial payments by the Department of Highways to contractors are state moneys: 1) source of funds is state revenue; 2) the federal funds involved are received by state only upon performance of its contractual obligations to federal government; 3) process of "retainage" does not change character of funds; and 4) contractors have no definable interest in funds until unconditional obligation to pay arises. Thus, interest derived from retainages must be credited to the general fund.

 Very truly yours,
 J.D. MacFARLANE
 Attorney General
HIGHWAYS
PUBLIC FUNDS
INTEREST

C.R.S. 1973, 24-36-114
Colo. Const. art. X, § 18
TREASURY, DEPT. OF
All Other Areas
HIGHWAYS, DEPT. OF

Funds retained from partial payments by the Department of Highways to contractors are state moneys: 1) source of funds is state revenue; 2) the federal funds involved are received by state only upon performance of its contractual obligations to federal government; 3) process of "retainage" does not change character of funds; and 4) contractors have no definable interest in funds until unconditional obligation to pay arises. Thus, interest derived from retainages must be credited to the general fund. (But see: T. John Baer, et al v. Romer, et al, No. 61529 Denver Dist. Ct., Feb. 27, 1978 (not appealed).)