FAHY *vs.* NORTH.

Although it is a general rule that where a party agrees to perform certain specified services for another, and after performing only a part, he, without good cause, refuses to perform the residue, he cannot recover pay for the services performed, yet if the full performance of the contract is prevented by the sickness of the party, or by any similar inability not implying or involving his own fault, he may recover pay for what he has done, on a *quantum meruit.*

APPEAL from a judgment entered upon the report of a referee. The facts are sufficiently stated in the opinion of the court.

*S. B. Jewett,* for the appellant.

*H. J. Thomas,* for the respondent.

*By the Court,* WELLES, J. The referee finds that on the 10th day of November, 1851, the defendant hired the plaintiff to work on his farm for one year therefrom at the price of $12.50 per month. That the plaintiff entered upon the service and continued until the 14th day of July following, when he was taken sick and unable to labor, and so continued for about six weeks. That during the first two weeks of this illness the plaintiff remained at the defendant's house, and was taken care of by the defendant's family and a sister of the plaintiff who boarded with the defendant during that time. That as soon as he was able to labor he returned to the defendant's, and in a conference between the parties, the plaintiff was released from further performance of the contract. The evidence in relation to this conference, as appears by the case, is somewhat contradictory, but enough appears, as I think, to justify the conclusion of the referee on that subject; at least, there was enough in support of it, to render it improper now to disturb his finding in that respect. The referee also held that the plaintiff's sickness excused him from a strict performance of the contract on his part in respect to time, and that he was entitled to recover the actual value of the services performed, to wit, eight months at $12 per month, subject to a deduction of $8.50, the amount of the

defendant's account for articles furnished the plaintiff and for the cure and board of the plaintiff during the two weeks' illness; and reported that the plaintiff was entitled to recover of the defendant the sum of $87.50.

In all this I think the referee was substantially correct. The evidence shows that after the plaintiff's sickness, and as soon as he was able to resume regular labor, he offered the defendant to go on and work his time out under the contract, and that the defendant refused, unless the plaintiff would submit to a claim of $20 damages for the time lost by his sickness, which in my judgment he was not entitled to demand. He was thereupon, as I think, absolved from any obligation to continue to labor longer for the defendant, and was entitled to be paid what the services which he had performed before his sickness were worth.

It is undoubtedly true, as a general rule, that where a party enters into a contract to perform services for another, and performs only a part, and then without good cause abandons the performance of the residue, he has no right to recover pay for the services performed. But it is equally clear that if the full performance of the stipulated labor is prevented by the sickness of the party employed to perform the service, or by any similar inability, and which does not imply or involve his own fault, he may recover payment for what he has done, on a *quantum meruit.* (*Parsons on Cont.* 554. *Fuller* v. *Brown,* 11 *Metcalf,* 440. *Story on Cont.* 1*st ed.* § 668. *Jones* v. *Judd,* 4 *Comst.* 412. 10 *John.* 29.)

In the course of the trial before the referee a son of the defendant testified, among other things, that he remembered the plaintiff coming back to the defendant's after his clothes, some two or three months after he had quit working for him. The defendant's counsel then asked the witness the following question: " Did you hear your father tell the plaintiff to go to work ?" This question was objected to by the defendant's counsel, and the objection was sustained. The defendant's counsel now insists that this decision of the referee was an error for which the judgment should be reversed.

In the first place, the question related to an interview two or

three months after the plaintiff quit work for the defendant, and consequently must have been long after the conference referred to by the referee. The defendant had refused to allow the plaintiff to go on and work out his time under the contract, except on terms that the plaintiff was not bound to assent to. In the next place, if it had been at the time of the conference in question, and if the witness had answered the question in the affirmative, it could have made no difference in the referee's finding. It was true that the defendant was willing to have the plaintiff resume work for him, but only on such conditions as he had no right to impose.

We think justice has been done between the parties, and that no rule of law has been violated.

The judgment should be affirmed.

Ordered accordingly.

[MONROE GENERAL TERM, March 5, 1855. *Johnson, Welles* and *T. R. Strong*, Justices.]