WOLFE, executor of Vache, *vs.* HOWES and others.

[This case is reported, *ante,* p. 174. The following opinion of Justice BACON was not received in time to be embraced in the report of the case there. It is thought worthy of preservation, and is therefore inserted here.]

BACON, J. That the contract of Vache, the plaintiff's intestate, was one for his personal services, is I think quite clear, both from the language of the contract itself, and from a consideration of all the surrounding circumstances. The referee was right in his conclusion on this point, and the case then presents the naked question whether, when a party contracts for services to be rendered for a year, for a given compensation per month, and after having entered upon the discharge of the duty imposed by the contract, and fulfilled in part, he is unable to complete the service and fulfill the contract by his supervening illness and subsequent death, compensation can be recovered under a *quantum meruit* for the work actually performed.

It is said by the court in *Oakley* v. *Morton,* (1 *Kern.* 25,) that an express covenant to do a specific act is not discharged, although its performance is prevented by inevitable necessity. The case did not call for so strong a ruling, because the plaintiff might have fulfilled his covenant by supplying what he had contracted to do. But where there is a personal service to be rendered, and it is prevented by the contractor's sickness and death, then the act of God supervenes and the covenant is discharged, and compensation can be recovered for the service actually rendered. In such case, I should say with Bennett, J.

in *Fenton* v. *Clark*, (11 *Verm. Rep.* 557,) " Common justice requires this, and I should be sorry to find that it was not tolerated by the principles of the common law." A recovery was accordingly allowed in that case ; and to the same effect is the case of *Fuller* v. *Brown*, (11 *Metc.* 440.)

The doctrine that one cannot recover where he leaves another's service before the expiration of the stipulated term, applies to a voluntary departure, and not to an abandonment of the service by reason of sickness and inability to continue therein. It is conceded by Nelson, J. in *Beebe* v. *Johnson*, (19 *Wend.* 502,) that strict performance is excused if it appear that the thing to be done cannot *by any means be accomplished ;* and that is precisely this case.

In *Fahy* v. *North*, (19 *Barb.* 341,) the same doctrine is declared by the court, and applied to the case where performance of a contract of service for one year was prevented by the sickness of the party who contracted to perform the labor, and the plaintiff recovered for what he had done, on a *quantum meruit.* This is in accordance with justice and common sense, and common honesty; and where these are conjoined, they ought to be, and I think they are, law.

The judgment should be affirmed.