Lacy agt. Getman.

expected to be made a party to an action, whose examination was sought by his adversary.

On the whole, we are of opinion that the order issued in this case on the application of the bank for the examination of Sheehan, against whom the bank was about to commence an action, was authorized, and that he was in contempt for disobeying it. The bank might have commenced its action, and then have procured an order for the examination of the defendant. The granting of an order in such a case as this, before suit brought, upon the application of the proposed plaintiff, is within the discretion of the court, but it can rarely happen that justice will be promoted by granting an order on the application of a proposed plaintiff, before the commencement of an action, and the practice, unless carefully guarded, may lead to great abuses.

The order should be affirmed.

All concur.

## SUPREME COURT.

THOMAS LACY agt. SOPRONIA A. GETMAN, as executrix, &c., of JOHN H. McMAHAN.

*Contract for the rendition of personal services—Effect upon the contract of the death of the employer—When executor of employer not bound to fulfil.*

The plaintiff was hired by the defendant's testator to do ordinary farm work for one year at $200 per year. Near the middle of the year the employer died. The plaintiff continued to work on the farm, as provided in the contract, until the end of the year. In an action against the executrix to recover the $200 due under the contract:

*Held*, that the death of the testator terminated the contract, and the recovery should be limited to the value of the services up to the death of the testator.

*Jefferson Circuit, December*, 1883.

MERWIN, J.—In the spring of 1882, defendant's testator employed the plaintiff to work for him upon his farm for one

Lacy agt. Getman.

year, from March 1, 1882, at the agreed price of $200. Plaintiff entered upon the employment, and in July, 1882, the defendant's testator died. The plaintiff continued at work upon the farm until March 1, 1883, but the defendant was not in possession. The question is, did the death of defendant's testator terminate the contract?

In *Chitty on Contracts* (*vol.* 2 [11*th Am. ed.*], 841, 842) it is laid down that in all cases of contracts between master and servant, the death of either party dissolves the contract, unless there be a stipulation, express or implied, to the contrary.

The case of *Farrar* agt. *Wilson* (*L. R.*, 4 *C*, 744) is cited to the proposition. There the plaintiff was employed as a farm baliff at weekly wages, the services to be determinable by six months' notice or payment of six months' wages. The employer died and plaintiff brought suit for six months' wages against the administrators, they having dismissed the plaintiff. It was held the plaintiff could not recover, the court saying that where personal considerations are of the foundation of the contract, as in cases of principal and agent, and master and servant, the death of either party puts an end to the relation; and in respect of services after the death, the contract is dissolved unless there be a stipulation express or implied to the contrary; that if the servant had died, the master could not have compelled further performance, and the same rule would relieve the representatives of the master in case of his death, the ground being that of implied conditions.

By the death of the master the servant is discharged (2 *Williams on Exrs.* [6*th Am. ed.*], 890). In 2 *Addison on Contracts* (*sec.* 901), it is stated generally that a contract of hiring and service is dissolved by the death of the master or servant, and the same is laid down in *Woods, Master and Servant* (*sec.* 158). In *Dexter* agt. *Norton* (47 *N. Y.*, 65), it is said by CHURCH, C. J., that in any contract for personal services dependent upon the life of the individual making it, the contract is discharged upon the death of the party in accordance with the condition of continued existence raised by implications.

Lacy agt. Getman.

In *Clark* agt. *Gilbert* (26 *N. Y.*, 279), and *Fahy* agt. *North* (19 *Barb.*, 341), recoveries for services were sustained in favor of the employed by their representatives, on the theory that death of the employed ended the contract. The latter case was for services in farm work. In the ordinary case of master and servant I do not see why the death of the employer should not work the same results as the death of the employed. The personal character of the relation applies to both. If the servant cannot be compelled to continue after the death of the master, then the master's representatives should not be compelled to have him. The contract, if existing at all, should be mutual. If the servant had continued on at the request of the executor or administrator, or the executor or administrator had received the benefit of such services, another question would have arisen; but that is not the case. The defendant is not in possession of the farm and is not shown to have received any benefit of the subsequent services of the plaintiff.

I have examined the cases cited by the counsel for plaintiff, and they do not in my judgment reach the question here. I am of the opinion that the death of defendant's testator terminated the contract, and that the recovery of plaintiff should be limited to the value of the services to the death, being $76.45, and interest from 6th of April, 1883. This amount was conceded at the trial, and the verdict should be reduced to that in pursuance of the arrangement at the trial. An order in proper form may be prepared by the defendant's counsel and submitted to the other side with the opinion and then forwarded to me. I do not understand that the question of costs is now before me.

NOTE.— We publish the above at the request of Elon R. Brown, Esq., attorney for defendant, and deem it proper to give a short history of the case. The jury in this case rendered a verdict for $208, which was reduced by the trial judge in accordance with foregoing opinion to $80.60. On appeal by plaintiff the judgment was reversed and a new trial granted, principally on the ground that the court erred in rejecting the offer of plaintiff to show that he performed the contract after the death of the testator, under the direction of the defendant. Opinion by BOARDMAN, J. (35*Hun*, 46), FOLLETT, J., in concurring cites *Babcock* agt. *Goodrich*, which

at his request we published a short time since (*ante*, *p.* 52), it not having been previously reported. On the second trial, at the Jefferson circuit, CHURCHILL, J. presiding, ruled at the close of the trial that the death of the testator, the master, did not dissolve the contract, and judgment was entered by direction of the court for $262.83 damages and costs. Defendant again appealed to the general term, which has just reversed the judgment. opinion by KENNEDY, J. We regret not having the opinion before us. As is said in judge MERWIN'S opinion above, we "can see no good reason why in the ordinary case of master and servant, the death of the employer should not work the same results as the death of the employed. The personal character of the relation applies to both. If the servant cannot be compelled to continue after the death of the master, then the master's representatives should not be compelled to have him. The contract, if existing at all, should be mutual."—[ED.