Bradley, J.
The agreement was an entire and indivisible one for services, and the plaintiff was not entitled to recover without complete performance unless such performance was in some manner excused. His evidence was to the effect that his wife was taken ill and unable to proceed with the work on her part. This, if so, was an adequate excuse for not proceeding with the further performance of the contract,. There was no means provided by its terms to sever the services of the plaintiff and wife so as to require or enable the plaintiff himself to proceed alone without some new arrangement, which, as his evidence tends to prove, he and the defendant were unable to make. The evidence of the plaintiff, if taken as true, was sufficient to justify a recovery upon the quantum meruit for the services performed by him and his wife. And the stipulated price mentioned in the contract was some evidence of the monthly value of their services, subject to reduction or abatement of such amount by evidence on the part of the defendant. Fahy v. North, 19 Barb., 341; Wolfe v. Howes, 24 id., 174, 666; affirmed 20 N. Y., 197; Clark v. Gilbert, 26 id., 279; Spalding v. Rosa, 71 id., 44; Seymour v. Cagger, 13 Hun, 32.
'The evidence presented a question of fact for the justice to determine in the consideration of the case upon the *431 merits. And he would have been justified in finding against the plaintiff, because an important fact, vital to his cause-of action, rested wholly upon his testimony. The question of his credibility in view of his relation to the action was for' the consideration of the justice. And the finding against him of any fact supported only by his evidence would not have been error. There was also some evidence given by him bearing upon the question whether the sickness of his wife was such as he represented it, and the actual and necessary cause of the discontinuance in the service of the defendant. ¡But the difficulty is that the justice declined to consider the case on the merits or on the facts presented by the evidence, and disposed of it as matter of law by non-suiting the plaintiff, and thereby holding that no facts were furnished by the evidence in any view that bright be taken of it to permit or support a judgment for the plaintiff. This was error. The duty of the trial court required by the evidence was to determine the question of fact furnished by the evidence. And his judgment either for, or against the plaintiff, upon the evidence as it stood when the non-suit was granted would not have been without support. There is nothing in the form of pleading to defeat the plaintiff’s right of recovery, and no such question was raised by the motion for non-suit.
The judgment should be affirmed.
Smith, P. J., Barker and Haight, J.J., concur.