Hardin, P. J.
When plaintiff and his assignors delivered the milk to the defendant’s cheese factory under the agreement of 1883, the title to it did not pass to the defendant.
The agreement and the delivery under it, do not make out a sale. Mallory v. Willis, 4 Comstock, 76; Andrews v. Richmond, 34 Hun, 20.
The contract was of mutual benefit to the parties, in such cases. “ The bailee is not answerable for neglect, nor for a loss by inevitable accident or irresistible force or from the inherent defect of the thing itself. He is only answerable for ordinary neglect.” 2 Kent’s Com., pt. 5, §40, p. 588.
The onus was upon the plaintiff to establish negligence in defendant. Lamb v. Camden and Amboy R. R. and T. Co., 46 N. Y., 279; Schmidt v. Blood, 9 Wend., 268; Clafin v. Meyer, 75 N. Y., 263; R. R. Co. v. Reeves, 10 Wallace, 176. *54 Defendant was entitled to the presumption that his duty in repect to the property had been performed. Cahill v. Hilton, 106 N. Y., 512; 11 N. Y. State Rep., 26.
Plaintiff gave evidence for the purpose of establishing that the defendant had been negligent in respect to the cheese, and that his negligence caused the fire.
The referee found, viz.: “That the said defendant has fully performed (except where he is excused by operation of law) the stipulations and conditions of said agreement.”
He has found, viz.: “No negligence is affirmatively shown on the part of the defendant or his servants or agents, which caused the fire in question.”
“As a matter of law, he found and decided that the plaintiff not having shown that the defendant was guilty of negligence in the care of the said milk, butter and cheese, or legally connected with or responsible for the happening of said fire * * * he cannot recover the loss he has sustained by reason of said-fire, from the defendant.
After a careful perusal of the evidence found in the appeal book, we do not differ with the referee in his view of the evidence, and, we do not therefore feel at liberty to disturb his findings of fact in regard to the alleged negligence of the defendant.
It is insisted by the learned counsel for the appellant that under the agreement made by the defendant, it was his duty to sell the products of the milk and place the money received therefor in a bank, and that because he failed to place the money for the cheese which was burned, in the bank, that he was liable for a breach of his contract.
That view of the case does not seem to be stated in the complaint. However, as it is presented in the argument, we may express our opinion in regard thereto.
When the property burned it was impossible for the defendant to sell the same and realize any money therefor.
That part of the defendant’s contract which related to placing the money was based upon the presumption that the parties contemplated the continued existence of the subject matter of the contract. Opinion of Church, Ch. J., 47 N. Y., 66.
Inasmuch as the product of the milk was destroyed by fire without the fault of the defendant, he was not bound to deposit with the bank for the plaintiff and his assignors an amount equivalent to what the property would have yielded if it had not been accidentally destroyed by fire before it could be sold. Dexter v. Norton (supra).
Several rulings' were made during the progress of the trial relating to the assignments executed by the patrons to the plaintiff. It is not material to consider those rulings after having reached the conclusion that the plaintiff was *55 not entitled to recover upon the principal questions involved in the ease.
We think no error was committed in allowing a witness to state how the fire and draft were affected by an open hole in the brick work on the left hand side of the frame.
Several other rulings made by the referee during the progress of the trial are criticised by the appellant’s counsel. We have looked at the same and find no prejudicial error.
We are of the opinion that the conclusions of fact and decisions of law made by the referee should be sustained.
Judgment affirmed, with costs.
Follett and Martin, JJ., concur.