Coös,
June, 1895.

### CLARKSVILLE LAND Co. *v.* HARRIMAN.

One who contracts for the driving of logs will not be presumed to warrant a sufficiency of water for that purpose.

ASSUMPSIT, to recover the price of driving logs. The defendant claims to recoup damages arising from the non-performance of the contract. Facts found by a referee.

*Jason H. Dudley*, for the plaintiffs.

*Thomas F. Johnson* and *Henry W. Lund* (of Vermont), for the defendant.

WALLACE, J. In the spring of 1881, the defendant had a large quantity of logs on the branches of Hall stream, a tributary of the Connecticut river, ready to be driven down the stream. At this time the plaintiffs entered into an agreement with him to drive the logs down the stream to the Connecticut river. Although it is not found in express terms that the contract was to be performed that spring, yet such appears to have been the

understanding of the parties. Shortly afterward and before the plaintiffs had a reasonable time in which to complete their contract, notwithstanding the fact that they used due diligence, the water in the stream suddenly fell, and remained so low that the further performance of the contract that spring was rendered impossible. The question is, whether this is an excuse for the non-performance of the contract on the part of the plaintiffs.

The plaintiffs did not undertake to transport the logs in any event, regardless of the way in which they should move them, whether by the stream or in some other way. They only undertook to transport them by driving them down the stream. If the parties contemplated the failure of the water in the stream and contracted with reference to it, and it was agreed that the plaintiffs were to guarantee its sufficiency for driving the logs, then they were not excused from the performance of the contract by the failure of the water, and are answerable in damages. But if they contracted on the basis of the continued existence of sufficient water to transport the logs, and it was the understanding that the plaintiffs were only bound to drive them in case the water was adequate for that purpose, they were excused from the further performance of the contract. *Taylor* v. *Caldwell*, 3 B. & S. 826; *The Tornado*, 108 U. S. 342; *Chicago, Milwaukee, etc., Railway* v. *Hoyt*, 149 U. S. 1, 14; *Dexter* v. *Norton*, 47 N. Y. 62; *Lord* v. *Wheeler*, 1 Gray 282; *Wells* v. *Calnan*, 107 Mass. 514.

It is a question of fact what the terms of the contract were. The referee does not find that the plaintiffs agreed to warrant the sufficiency of the water in the stream. It is so unreasonable and improbable to suppose that they would so contract, that it will not be inferred from a mere finding that the plaintiffs agreed to drive the logs for the defendant that spring. The referee finds that emergencies arose to prevent the performance of the contract that cannot reasonably be supposed to have been contemplated by the plaintiffs, and which would not have been anticipated by a man of experience and a practical river-driver, when the contract was made. This shows that the parties did not contemplate the failure of the water in the stream, nor undertake to contract that the logs were to be driven in any event, or that the plaintiff should warrant the sufficiency of the stream for that purpose and be answerable in damages for its failure. The contract was made on the basis of the continued existence of sufficient water to render its performance possible. The plaintiffs, being without fault and having exercised due diligence in the performance of their contract, were excused from its further performance by the failure of the water.

*Judgment on the report for the plaintiffs.*

All concurred.