AMY E. MOHRMANN, Plaintiff, *v.* FREDA M. KOB, as Committee of WILLIAM G. MOHRMANN, an Incompetent Person, et al., Defendants.

Supreme Court, Trial Term, Kings County, June 12, 1944.

*Oscar Habas* for plaintiff.

*Edwin D. Kenyon* for defendants.

HOOLEY, J. This action comes before the court upon an agreed statement of facts. The action is brought by a wife against her incompetent husband to recover moneys claimed by her to be due under an agreement of separation. The parties were married on February 16, 1916. The separation agreement was entered into on June 1, 1916. Payments were made thereunder until November 1, 1921, when they ceased. The husband was adjudicated an incompetent by the Supreme Court, Queens County, on July 16, 1923, and has been ever since and still is an inmate of an institution for incompetents. About November, 1924, the wife commenced living with a man not her husband and thereafter and on or about August 25, 1925, a child was born of the illicit intercourse and later another child was born thereof. The plaintiff still lives in the adulterous relationship. No action or proceeding was commenced by plaintiff until October, 1941, when this action was initiated. The following

clause appears in the separation agreement: " If party of the second part (wife) shall commit any act which shall entitle the party of the first part to a divorce under the laws of the State of New York, then upon such divorce being obtained, the provisions herein shall be null and void." It is conceded by the wife that she has committed such acts as would entitle the incompetent husband to a divorce under the laws of the State of New York, were he sane.

The original answer of the incompetent husband, by his committee, pleaded several defenses as complete defenses as well as by way of counterclaims. The fourth defense in said original answer, also pleaded as a counterclaim, set forth the necessary allegations for a divorce from the plaintiff wife. The defense and counterclaim were stricken out at Special Term. Upon appeal the Appellate Division of this department modified the decision of the court at Special Term and allowed the matter therein to be pleaded as a counterclaim only (264 App. Div. 209, 873, 957). Upon appeal to the Court of Appeals, that court, by a vote of five to two, reversed the order of the Appellate Division and affirmed that of the Special Term, striking out the fourth defense as a counterclaim (291 N. Y. 181). Thereafter the defendant obtained leave to serve an amended answer which, among other things, sets up as two separate partial defenses certain facts which would have entitled a sane man to a divorce under the laws of New York and the other facts which prevent the husband from availing himself of the expressed provisions set forth in the agreement, and which defendant asserts are a complete bar to the plaintiff's claim from the commencement of her adulterous relationship. The question before the court is, briefly, whether in an action to recover payments provided for in the separation agreement, the adultery of the wife constitutes a defense notwithstanding the insane husband's legal inability to procure a divorce. Much has been written concerning the legal aspects of the interesting situation presented in this case, both in the Appellate Division and in the Court of Appeals. No useful purpose will be served by a new discussion here of the broad question as to the general rights of an incompetent whose wife is living in an adulterous relationship. He may not counterclaim for a divorce because the majority of our court of last resort has decided that such an action will not lie because of the necessity of consent by the insane spouse to the dissolution of the marriage. However, defendant urges that in this case the marriage bonds are not sought to be severed, and the adultery is set forth merely

for the purpose of preventing a plaintiff wife from obtaining an unconscionable advantage over her incompetent husband.

The effect of the decisions heretofore made by the appellate courts in this case must now be considered.

As to the fourth defense in the original answer, the court at Special Term said: " The fourth affirmative defense, pleaded also as a counterclaim, alleges facts necessary to maintain an action for divorce. As a defense it is insufficient in law (*Randolph* v. *Field, supra; Egan* v. *Egan, supra*)." In the Appellate Division this ruling was affirmed and in the Court of Appeals the opinion of the majority of the court reads in part as follows: " We agree with Special Term and the Appellate Division that the allegations in the fourth affirmative defense and counterclaim upon which the defendants now seek an absolute divorce in behalf of the incompetent are not sufficient in law to constitute an affirmative defense to the plaintiff's action. (*Galusha* v. *Galusha,* 116 N. Y. 635, 643–645; and see *Randolph* v. *Field,* 165 App. Div. 279, 283.) Such an affirmative defense by the defendants gains no support from the separation agreement, quoted in part above, which by its own terms becomes ' null and void ' only ' upon such divorce being obtained '."

There is no substantial difference between the fourth affirmative defense as alleged in the original answer and the second and third defenses pleaded in the amended answer now before the court, except that these latter defenses are pleaded as partial defenses instead of as complete defenses. This defense of adultery and incompetency in any event could not have served as more than a partial defense, since payments were admittedly due up to the time of the adultery, but no court relied upon this defect in pleading, deciding the motion as if the defense were pleaded as a partial defense. True the fourth defense in the original answer contained merely the allegations usually found in a plaintiff's pleading in a divorce action, but the complaint alleged the adjudication of incompetency of defendant on July 16, 1923, the appointment of the committee on January 8, 1924, and the continued acting by such committee from the time of the adjudication, and the answer admitted these allegations. Thus all the salient facts were before the court and all of the courts held the defense insufficient. It would seem that the decision of the Court of Appeals holding the fourth defense insufficient in the original answer is conclusive in this case.

Apart from the said decision of the Court of Appeals, and viewing the situation presented as an original question, the

defendants' position is untenable. The agreement sued upon presents an interesting contrast. The agreement provided that it should be null and void if the wife should commit any act which would entitle the husband to a divorce under the laws of the State of New York, upon such divorce being obtained.

The rights given to the wife by such agreement are as follows: " It is hereby agreed, however, that in case party of the first part (husband) shall commit any act which under the Laws of the State of New York would entitle party of the second part (wife) to an absolute divorce, then this agreement shall at the option of the said party of the second part (wife) be null and void, or party of the second part (wife) may maintain an action for divorce and this agreement as to alimony may at the option of said party of the second part (wife) still be binding.''

The agreement shows that the parties intended the husband to be relieved from the payments only if he obtained a New York divorce, and not merely if he had the grounds therefor, while the wife was given the option to terminate the agreement upon the husband committing any act entitling her to sue for a divorce, whether or not she did so. The difference between the rights of each spouse in case of the adultery of the other is significant. These parties had a right to make the agreement in question. The difference between the respective rights acquired by each in the case of the adultery of the other was presumably something that they contemplated.

If defendant had remained sane, the adultery of the wife would not have prevented a recovery upon the separation agreement. The effect, if any, of the insanity is to be considered. It is the law that where an executory contract is made, the contracting party is not excused by inability to execute it caused by unforeseen accident or misfortune, but must perform or pay damages unless he has protected himself against such contingency by stipulation in the contract.

In *Cameron-Hawn Realty Co.* v. *City of Albany* (207 N. Y. 377, 381) the court said: " It is a well-settled rule of law that a party must fulfill his contractual obligations. Fraud or mutual mistake, or the fraud of one party and the mistake of the other, or an inadvertence induced by the one party and not negligence on the part of the other, may relieve from an expressed agreement, and an act of God or the law or the interfering or preventive act of the other party may free one from the performance of it; but if what is agreed to be done is possible and lawful the obligation of performance must be met.

Difficulty or improbability of accomplishing the stipulated undertaking will not avail the obligor. It must be shown that the thing cannot by any means be effected. Nothing short of this will excuse non-performance. The courts will not consider the hardship or the expense or the loss to the one party or the meagreness or the uselessness of the result to the other. They will neither make nor modify contracts nor dispense with their performance. When a party by his own contract creates a duty or charge upon himself, he is bound to a possible performance of it, because he promised it, and did not shield himself by proper conditions or qualifications. (*Harmony* v. *Bingham*, 12 N. Y. 99; *Tompkins* v. *Dudley*, 25 N. Y. 272; *Ward* v. *H. R. Bldg. Co.*, 125 N. Y. 230; *Soley & Sons* v. *Jones*, 208 Mass. 561; *Rowe* v. *Peabody*, 207 Mass. 226; *School District No. 1* v. *Dauchy*, 25 Conn. 530; *School Trustees of Trenton* v. *Bennett*, 27 N. J. L. 513.) There are classes of cases in which this principle is not applied. It is not applied to executory contracts for personal services (*Wolfe* v. *Howes*, 20 N. Y. 197; *Spalding* v. *Rose*, 71 N. Y. 40), nor for the sale of specific chattels (*Dexter* v. *Norton*, 47 N. Y. 62; *Dolan* v. *Rodgers*, 149 N. Y. 489), nor for the use of particular buildings. (*Taylor* v. *Caldwell*, 3 Best & Smith, 826.) There is in the nature of contracts of those classes an implied condition that if the person or thing shall not be in existence at the time stipulated for performance it shall not be required."

It will be noted that the Court of Appeals in the case last cited set forth the exceptions to the general rule and that the case at bar does not fall within any of the exceptions indicated. The incompetent has merely, by reason of having lost his mental faculties, become foreclosed from exercising a single right under the agreement, namely, that of suing for a divorce, against which contingency he, while sane, had failed to provide in the agreement. The existence of this right is not indispensable to the continuation of the contract which primarily was intended to provide for the support of the wife and to define the limits of such support.

At the time the agreement sued upon was made the defendant was sane. Apparently the parties well considered the matter of the agreement as they made different provisions as to each in case of the adultery of the other. The agreement as made provided that the husband should be relieved from the payments upon his obtaining a divorce. This relief he may not have under our present law while incompetent. To relieve him without such a divorce would be to make a new contract between

the parties. This the court may not do. The result reached is most unfair to the incompetent. The Court of Appeals suggested that the remedy for such situations is with the Legislature and not the courts. This court concurs therein and urges that there is presented here a case for action by the Legislature to prevent a similar result from ever recurring.

No facts are presented which entitle the defendants to a reformation of the contract. The contract is under seal and the twenty-year statute applies so the action is not barred by the Statute of Limitations. Under the law as the court finds it, and with reluctance, the court decides in favor of plaintiff. The defenses raised are insufficient to constitute a defense to the plaintiff's cause of action and plaintiff is entitled to a judgment in the sum of $9,378.77 without costs. Submit judgment upon notice.