Benjamin Brenner, J.
In this action to recover moneys allegedly due plaintiff for work, labor and services performed pursuant to a written contract, defendant moves for summary judgment.
After a public bid plaintiff, on October 27, 1947, entered into a written contract with the defendant, as one of four contractors, for the modernization of the toilet facilities at Public School 164. It provided that plaintiff receive $60,089 if the work be satisfactorily completed within 120 consecutive calendar days after notification to start. The contract further provided that failure to complete within the schedule time would entitle defendant to liquidated damages at the rate of $22.50 per day of delay pursuant to section 27 of the instructions to bidders. The work was not completed by the plaintiff until November 10, 1948, 242 consecutive calendar days beyond the time set for completion.
Subdivision 11 of section 2556 of the Education Law permits the assessment of liquidated damages without the necessity of proving actual or specific damages where so provided in the contract. The defendant thereupon conducted a hearing to determine the amount of liquidated damages. It was there established that 120 days was inadequate for completion; that 70 days after the contract was awarded plaintiff had requested an extension of four months until May 22, 1948, due to the unavailability of the plumbing fixtures; that no further extension was requested although 172 days transpired from May 22, 1948 to the date of substantial completion on November 10, 1948; that the plaintiff ordered the plumbing fixtures on November 4,1947 and final delivery was not made to him until October *1009 14, 1948, 345 days after the contract was awarded, whereupon defendant assessed plaintiff the sum of $2,722.50 instead of the $5,445, on the basis of 121 days at $22.50, taking cognizance of some of the difficulties encountered by the plaintiff during the course of his performance of the contract.
The right of the defendant to assess liquidated damages is plainly provided by the specific provisions of the contract and by subdivision 11 of section 2556 of the Education Law. It is well settled that if parties anticipate difficulty in ascertaining any damages which may result from a breach of a contract, a provision for such liquidated damages will be upheld where the amount on the face thereof is not disproportionate to the probable loss (Ward v. Hudson Riv. Bldg. co., 125 N. Y. 230; Curtis v. Van Bergh, 161 N. Y. 47).
The plaintiff had many times dealt with the defendant. He was undoubtedly aware that the needed materials might then be unavailable. He proceeded to fix his own obligations, knowing what to expect as damages in the event of his breach. As the court stated in Ward v. Hudson Biv. Bldg. co. (supra, p. 236): “ Having contracted absolutely to complete the houses on or before a certain date, unforeseen contingencies, no matter of what nature, are not available to plaintiff as a defense to the exaction of damages.” As it was further stated in Mohrmann v. Kob (182 Misc. 571, 576): “ When a party by his own contract creates a duty or charge upon himself, he is bound to a possible performance of it, because he promised it, and did not shield himself by proper conditions or qualifications.” (Emphasis supplied.)
Plaintiff also argues that delay in performance was further due to the necessity of awaiting completion by the construction contractor since under the terms of the contract all four contractors were required to coordinate their work. This claim is of no aid to him as the contract provides the plaintiff with the necessary remedy against his fellow contractors for damages, the defendant being absolved in such situation (see art. 36 of the contract). He thus has no cause to complain of the action taken by the defendant pursuant to subdivision 11 of section 2556 of the Education Law, particularly since the defendant equitably severed and lessened plaintiff’s fixed damages.
Motion granted. Settle order on notice.