Burton S. Sherman J.
In a classic contract action, the plaintiff buyer sues the seller for failure to deliver. The plaintiff then purchased goods on the open market and seeks as damages the difference between the contract price and the subsequent purchase price. These facts are undisputed. However, the defendant alleges that the goods were totally destroyed oh shipboard during a heavy storm in transit from Malaysia and therefore it is not liable under the contract. It relies upon section 2-613 of the Uniform Commercial Code which states in pertinent part: "Where the contract requires for its performance goods identified when the contract is made, and the goods suffer casualty without fault of either party before the risk of loss passes to the buyer * * * then (a) if the loss is total the contract is avoided”.
*415 Assuming the defendant’s claim of total loss is true, the remaining question is whether the goods destroyed were identifed when the contract was made.
The facts are that the parties entered into a contract of sale on August 5, 1975. The plaintiff agreed to purchase "30,000 5/16 x 24” Ramin dowels and "100,000 3/8 x 30” Ramin dowels. Delivery was to be in August from Malaysia. A subsequent confirmation order describes the goods as "5/16 x 24” natural dowels and "3/8 x 30” natural dowels.
Section 2-613 of the Uniform Commercial Code conforms to the general rule of contracts that if performance is dependent upon the existence of a specific thing and it is destroyed before the time of performance without fault, a breach by a seller will be excused. (See cases cited 10 NY Jur, Contracts, § 365.) For there is an implied condition that impossibility excused performance. (Dexter v Norton, 47 NY 62.) However, section 2-613 "has application in the limited situations where the continued existence of identified goods is a presupposition of the agreement. The sale of a unique chattel comes within its scope, but not the sale of chattels, any one of which fitting the description of the contract may be delivered.” (Duesenberg and King Commentaries, Bender’s Uniform Commercial Code Serv, vol 3A, § 14.13 [3].) Thus, with respect to fungible goods more than just an identification in a sales contract by kind and amount is necessary to come within the meaning of the section. (Bunge Corp. v Recker, 519 F2d 449.) There must be a meeting of the minds by the parties as to the particular or actual goods designated to be bought and sold. (Cf. Dexter v Norton, 47 NY 62, supra; Kirsch & Co. v Benyunes, 105 Misc 648; International Paper Co. v Rockefeller, 161 App Div 180.)
The court finds as a fact that the goods in this action were fungible. A dowel is a round wooden rod or stick and interchangeable. Nor is a particular type of wood required. Indeed, the defendant admitted that it could have replaced the dowels by purchasing them on the open market. The plaintiff did. Moreover, the defendant had not entered into a contract with its own supplier until after the sale. The goods had not been shipped, marked, segregated or otherwise designated at the time the sale was made. Therefore, section 2-613 of the Uniform Commercial Code is not applicable because the goods were not "identified” within its meaning. Nor did the defendant generally prove its affirmative defense. Accordingly, plain *416 tiff shall have judgment in the sum of $1,265, with interest from October 1, 1975 and costs.