**Joseph SHIMKO, Appellant,**

v.

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTA- TION and The City of Pittsburgh.**

Commonwealth Court of Pennsylvania.

Argued Oct. 31, 2000.
Decided Feb. 8, 2001.

**5.** Because of our disposition of this matter, we need not address the other issues raised by the Township.

**414**

Richard M. Rosenthal, Pittsburgh, for appellant.

J. Bart DeLone, Harrisburg, for appellee, Department of Transportation.

Yvonne Schlosberg, Pittsburgh, for appellee, The City of Pittsburgh.

Before FRIEDMAN, Judge, LEADBETTER, Judge and LEDERER, Senior Judge.

FRIEDMAN, Judge.

Joseph Shimko appeals from the May 15, 1998 order of the Court of Common Pleas of Allegheny County (trial court), which granted the motions for summary judgment filed by the Commonwealth of Pennsylvania, Department of Transportation (DOT) and The City of Pittsburgh (City) based on the doctrines of sovereign and governmental immunity. We reverse the granting of summary judgment in favor of DOT and remand this case to the trial court for further proceedings; however, we affirm the granting of summary judgment in favor of the City.

On September 25, 1995, at approximately 5:36 a.m., Shimko was operating a motor vehicle in a westerly direction on Baldwin Road (State Route 2046) in the City. When a vehicle traveling in the opposite direction came into Shimko's lane, Shimko steered his vehicle off the cartway of the road. Shimko's vehicle struck a "raised portion of ,asphalt," which catapulted the vehicle into a streambed. (R.R. at 4a.) Shimko suffered a neck injury, which required the fusion of two vertebrae. (Trial court op. at 2.)

Shimko filed suit against DOT and the City, alleging negligence with respect to the construction and maintenance of State Route 2046 at the point of the incident. DOT filed a motion for summary judgment, claiming that it was immune from suit because, pursuant to section 542 of the State Highway Law,[1] DOT is only responsible for the maintenance of State Route 2046 from curb to curb. The trial court judge denied DOT's motion on April 7, 1998, prior to the issuance of this court's decision in *White v. City of Philadelphia*, 712 A.2d 345 (Pa.Cmwlth.1998), on April 30, 1998. (Trial court op. at 3.)

The case subsequently was assigned to another judge, who, during a colloquy in chambers, allowed DOT to renew its motion for summary judgment and allowed the City to make a motion for summary judgment orally (*ore tenus*) because the judge believed that this court's holding in *White* changed the relevant law. The judge invited colloquy, which was placed on the record, with respect to the legal issues and factual disputes. At the conclusion of the colloquy, the judge granted the motions for summary judgment based on *White*. (Trial court op. at 3–4.)

### I. DOT's Motion

On appeal to this court,[2] Shimko argues that the trial court erred in granting sum-

---

**1.** Section 542 of the State Highway Law, Act of June 1, 1945, P.L. 1242, *as amended*, 36 P.S. § 670–542, states in pertinent part:

"After the streets, designated as State highways shall have been taken over by the Commonwealth, they shall be maintained, constructed, reconstructed, resurfaced and repaired by [DOT].... Provided, however, That nothing in this section shall be construed to place upon the Commonwealth any obligation to repair and maintain the curbing and footways of any such street...."

**2.** Our scope of review over a trial court's grant of summary judgment is limited to de-

mary judgment in favor of DOT when another judge previously had denied DOT's earlier motion presenting the same issues. We agree.

In *Goldey v. Trustees of University of Pennsylvania,* 544 Pa. 150, 155–56, 675 A.2d 264, 267 (1996) (italics in original) (underlining added), our supreme court stated:

> Where the motions differ in kind, as preliminary objections differ from motions for judgment on the pleadings, which differ from motions for summary judgment, a judge ruling on a later motion is not precluded from granting relief although another judge has denied an earlier motion. However, a later motion should not be entertained or granted when a motion *of the same kind* has previously been denied, *unless intervening changes in the facts or the law clearly warrant a new look at the question.*

For the reasons that follow, we conclude that this court's holding in *White* did *not* constitute an intervening change in the law that clearly warranted a new look at the question of summary judgment.

In *White,* this court considered whether a city of the first class may be held liable under the **sidewalk exception to governmental immunity**[3] for injuries sustained on a sidewalk owned by the city and abutting a road designated as a state highway under the State Highway Law. This court held that the city *could* be held liable, interpreting the phrase "sidewalks within the rights-of-way of streets owned by the local agency" to include sidewalks in a city of the first class that are owned by the city and abut a state highway. *White.*

In so holding, this court also discussed whether the Commonwealth may be held liable under the **sidewalk exception to sovereign immunity**[4] for injuries sustained on a sidewalk owned by a city of the first class and abutting a road designated as a state highway under the State Highway Law. We noted that section 542 of the State Highway Law[5] must be read *in pari materia* with the sidewalk exception and that, according to section 542, the Commonwealth has no obligation to maintain "the curbing and footways" of streets taken over by the Commonwealth in first or second class cities. *White.*

In this case, Shimko argues that DOT may be held liable for his injuries under the **highway exception to sovereign immunity** because DOT owns State Route 2046 and because the raised asphalt at the point of Shimko's accident, which DOT calls a curb, constitutes a dangerous condition of that state highway under section 8522(b)(4) of the Judicial Code.[6] (*See* R.R. at 185a–86a.) DOT argues that, before *White,* there was no case law stating that section 542 of the State Highway Law must be construed *in pari materia* with section 8522(b)(4) of the Judicial Code. The trial court was persuaded by DOT's argument; however, DOT was not correct.

This court previously construed section 542 *in pari materia* with section 8522(b)(4) in the case of *Hubbard v. Department of Transportation,* 660 A.2d 201 (Pa.Cmwlth.

termining whether the trial court made an error of law or abused its discretion. *Salerno v. LaBarr,* 159 Pa.Cmwlth. 99, 632 A.2d 1002 (1993), *appeal denied,* 537 Pa. 655, 644 A.2d 740 (1994).

**3.** The sidewalk exception to governmental immunity states that a local agency may be held liable for a "dangerous condition of sidewalks within the rights-of-way of streets owned by the local agency...." Section 8542(b)(7) of the Judicial Code, 42 Pa.C.S. § 8542(b)(7).

**4.** The sidewalk exception to sovereign immunity states that the Commonwealth may be

held liable for a dangerous condition of Commonwealth agency sidewalks. Section 8522(b)(4) of the Judicial Code, 42 Pa.C.S. § 8522(b)(4).

**5.** 36 P.S. § 670–542.

**6.** The highway exception to sovereign immunity states that the Commonwealth may be held liable for injuries caused by a dangerous condition of highways under the jurisdiction of a Commonwealth agency. 42 Pa.C.S. § 8522(b)(4).

1995). In *Hubbard*, this court considered whether the edge of a median strip on a state highway is a "curb." This court addressed the issue because, if a "curb" caused the injuries, DOT would have been immune from liability because DOT would have had no duty to maintain the "curb" under section 542 of the State Highway Law. This court held that the edge of a median strip is *not* a "curb." Therefore, we ruled that DOT could be held liable pursuant to the highway exception to sovereign immunity in section 8522(b)(4).

■ Because we construed section 542 of the State Highway Law *in pari materia* with section 8522(b)(4) of the Judicial Code in *Hubbard*, this court's decision in *White* did not change the law in this regard. Therefore, the trial court judge erred in granting DOT's motion for summary judgment after another judge previously denied the same motion. Accordingly, we reverse that portion of the trial court's order and remand this case for further proceedings.[7]

## II. City's Motion

### A. Procedural Issue

■ Shimko also argues that the trial court erred by entering summary judg-

ment in favor of the City without permitting Shimko an opportunity to respond formally to the motion. We realize that, pursuant to Pa. R.C.P. No. 1035.3, the adverse party to a motion for summary judgment has thirty days after service of the motion to file a response. However, Shimko did not object to the trial court's granting of the City's motion for summary judgment on this basis. Therefore, the issue has been waived.

### B. Material Fact

■ Finally, Shimko contends that there is a genuine issue of material fact as to whether the City retained an ownership interest in State Route 2046, making the City responsible for maintenance of the curb, when the Commonwealth took it over in 1933. However, this is not a question of fact for the jury; this is a question of law. *See Lyons v. City of Philadelphia*, 159 Pa.Cmwlth. 107, 632 A.2d 1006 (1993) (stating that the legal status of a road as a state highway is a matter of state law.)

Accordingly, we affirm the granting of summary judgment in favor of the City.

### ORDER

AND NOW, this 8th day of February, 2001, the order of the Court of Common

7. Even if the trial court judge was correct to construe section 542 of the State Highway Law *in pari materia* with the highway exception to sovereign immunity, the judge erred in granting summary judgment in favor of DOT here. Section 542 states that, after a street has been taken over by the Commonwealth, the Commonwealth has no obligation to repair or maintain the curbing. We interpret this language to mean that, when the Commonwealth takes over a street, it has no duty to repair or maintain the *curbing that exists* on the street at that time. Thus, section 542 does not even apply here because the curbing in this case was added to the state highway *after* the Commonwealth took it over.

We also note that section 401 of the State Highway Law states that DOT shall "improve, and thereafter maintain and repair" the state highways. 36 Pa.C.S. § 670–401. Section 543 of the State Highway Law states that the improvement of state highways shall include "curbing and recurbing." 36 Pa.C.S. § 670–543. The clear implication is that, if DOT

improves a state highway by curbing or recurbing, DOT is responsible for the maintenance and repair of that curbing. Indeed, if DOT is responsible for "recurbing," DOT must be responsible for the maintenance of curbing.

DOT stated in response to an interrogatory that the "last time prior to the accident that [State Route 2046] was resurfaced was 1987 by a contractor." (R.R. at 205a.) Moreover, Hugh L. Davidson, Ph.D., P.E., opined in a report for the City that "the character of the asphalt in the curb is [similar] to that of the current wearing course of the cartway. In this regard, it is possible that the curb was constructed at the same time, and by the same party, that last paved the highway." (R.R. at 237a.) Based on such evidence, a jury could find that DOT contracted for the curbing on State Route 2046 in 1987 as an improvement to the highway. Pursuant to sections 401 and 543 of the State Highway Law, DOT would be responsible for the maintenance and repair of that curbing.

Pleas of Allegheny County, dated May 15, 1998, is affirmed in part and reversed and remanded in part, as set forth in the foregoing opinion.

Jurisdiction relinquished.

Judge LEADBETTER dissents.