### POCONO SPRINGS CIVIC ASSOCIATION, INC.

v.

### Raymond J. ROVINSKY, Appellant.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Dec. 5, 2003.

Decided Jan. 27, 2004.

Publication Ordered March 29, 2004.

Scott E. Schermerhorn, Scranton, for appellant.

Nicholas C. Haros, Stroudsburg, for appellee.

BEFORE: FRIEDMAN, Judge, and COHN, Judge, and McCLOSKEY, Senior Judge.

OPINION BY Senior Judge McCLOSKEY.

Raymond J. Rovinsky (Landowner) appeals from an order of the Court of Com-

mon Pleas of Wayne County (trial court) granting summary judgment in favor of Pocono Springs Civic Association, Inc. (Pocono). We affirm.

Pocono filed a complaint against Landowner alleging that it maintains the common areas of a private real estate subdivision known as Pocono Spring Estates (the Subdivision) and that Landowner had title to a lot in the Subdivision. Pocono claimed that Landowner's deed contained a covenant which stated as follows:

> An association of all property owners is to be formed by the Grantor and designated by such name as may be deemed appropriate and when formed, the buyer covenants and agrees that he, his executors, heirs or assigns, shall be bound by the by-laws, rules and regulations as may be duly formulated and adopted by such association and that they shall be subject to the payment of annual dues and assessment of the same.

(Complaint, R.R. at 4b). Pocono alleged that it was formed in accordance with that covenant, and has adopted bylaws which require Landowner to pay to it annual dues, assessments and charges. Pocono claimed that from November of 1998 through to the filing of the complaint, Landowner had failed to make payment. Pocono alleged that Landowner owed dues, late fees and attorney fees for the years 1999, 2000, 2001, and 2002, totaling $2,374.21. Pocono also requested additional payment for legal fees incurred in the collections of the delinquent amount pursuant to its bylaws.

Landowner filed an answer to the complaint. He did not deny that the amounts were due and owed, he instead alleged that he was not legally responsible for assessments to the property under the doctrine of frustration. He claimed that his obligation to pay dues was frustrated due to his lot not being fit for residential use.[1]

Pocono filed a motion for summary judgment alleging that there was no question that it was entitled to payment and that Landowner had not stated a viable defense. Pocono also requested payment of additional attorneys fees and costs.

Landowner submitted an affidavit in which he stated that in 1969 he was invited to a free dinner seminar which involved the sale of land in Northeastern Pennsylvania. He and his wife attended the seminar and decided to purchase land for the purpose of building a retirement home. However, in 1970, after purchasing the land, he learned that he could not build on it. In 1987 he attempted to sell the lot, but the sale fell through as his lot failed to "perk." (R.R. at 116b). He stated that he has attempted unsuccessfully over the years to sell the lot or even to give it away, but he could not as the lot is useless "due to its inability to perk." (R.R. at 117b).

The trial court determined that there was no dispute that Landowner obtained a deed that was not contingent on the ability of the land to "perk" and that the deed was created between Landowner and Pocono Springs Estates, Inc.[2] The trial court also determined that it was not disputed that landowner took title to his lot subject to covenants and restrictions which included payment of annual dues and assessments as set forth by a property owners association. The trial court further found that Landowner failed to establish his affirmative defense of frustration of purpose. As such, it was determined that there were

---

1. Landowner raised numerous additional defenses in his answer; however, none of the other defenses have been raised in his appeal to this Court.

2. Pocono Springs Estate, Inc., is not a party to the instant case.

no genuine issues of material fact and summary judgment was authorized as a matter of law pursuant to Pa. R.C.P. No. 1035.2. Pocono was awarded $4,080.82 for assessment fees, late charges and legal fees.

Landowner now appeals to this Court.[3] Landowner alleges that the trial court erred in granting summary judgment because he had established facts sufficient to bring a claim of frustration of purpose before a jury.[4]

Our Pennsylvania Supreme Court has discussed frustration of purpose, explaining:

> There is in the law the doctrine of 'frustration,' which holds that under the implied condition of the continuance of a contract's subject matter, the contract is dissolved when the subject matter is no longer available. *In Nitro Powder Co. v. Agency of Canadian Car & Foundry Col.*, 233 N.Y. 294, 135 N.E. 507, 508, Judge Pound said 'When people enter into a contract which is dependent for the possibility of its performance on the continual availability of a specific thing, and that availability comes to an end by reason of circumstances beyond the control of the parties, the contract is prima facie regarded as dissolved.' See also *Clarksville Land Co. v. Harriman*, 68 N.H. 374, 44 A. 527, and *Howell v. Coupland*, 1 Q.B. 258. In the leading English Case of *Tamplin Steamship Co., Ltd., v. Anglo–Mexican Pet. Products Co.*, 2 A.C. 397, it is said at 403: 'A court can and ought to examine the contract and the circumstances in which it was made, not of course to vary, but only to explain it, in order to see whether or not, from the nature of it the parties must have made their bargain on the footing that a particular thing or state of things would continue to exist. And if they must have done so, then a term to that effect will be implied, though it be not expressed in the contract.

*Greek Catholic Congregation of Borough of Olyphant v. Plummer*, 338 Pa. 373, 382–83, 12 A.2d 435, 439 (1940).

The trial court noted that there was a problem with Landowner's claim that the doctrine of frustration applied, stating:

> In this instance, this Court finds that the affirmative defense of frustration is not available to the [Landowner]. There has been no contract between these parties. [Landowner's] assertion relates to the contract of sale under which he took the subject property. Neither can this Court find any intervening action which frustrated [Landowner's] purpose. The subject property does not perk. However, [Landowner] has not plead anything that this lot is worthless, but only that it is not able to have the type of septic system that he envisioned. Rather, this appears to be another scheme to evade assessments of dues.

(R.R. at 151b).

The doctrine of frustration applies when there is a change in the subject matter of a contract which is dependent on the possibility of its performance. We do

---

**3.** Landowner originally filed his appeal in the Superior Court. The Superior Court issued a per curiam order determining that Pocono was a non-profit corporation and that 42 Pa. C.S. § 762(a)(5) states that Commonwealth Court has exclusive jurisdiction in cases involving not-for-profit corporations. As such, the case was ordered transferred.

**4.** Our scope of review or a grant of summary judgment is whether the trial court made an error of law or abused its discretion. *Shimko v. Department of Transportation*, 768 A.2d 413 (Pa.Cmwlth.2001).

not believe that Landowner has stated a claim which alleges that any such change has occurred. Moreover, there is nothing "frustrating" the performance of the contract between Pocono and Landowner. Landowner purchased land that contained a covenant regarding payment of dues to a landowners association. Landowner is obligated to pay dues and in exchange is entitled to use certain facilities for which he pays dues for. As such, the terms of the contract are easily completed. Landowner may consider himself "frustrated" that he cannot build on the land in the way in which he envisioned. However, this does not frustrate either party's ability to fulfill the contract. Landowner purchased the property in 1969 without making the ability of the land to "perk" a part of the contract or bringing a claim against the sellers of the deed for any alleged wrongful action.[5]

Accordingly, the order of the trial court is affirmed.

### ORDER

AND NOW, this 27th day of January, 2004, the order of the Court of Common Pleas of Wayne County is affirmed.

---

[5]. Landowner alleges in his affidavit that he first became aware of problems with building on the lot in 1970. (R.R. at 111b).